PER CURIAM.
Appellee, Douglas Carter, was charged with driving under the influence in violation of section 316.193, Florida Statutes (1989). Appellee, contending his initial traffic stop was invalid, sought to suppress evidence seized after the stop. The trial court denied the motion to suppress. The circuit court, sitting in its review capacity, found the stop pretextual. In a split opinion reversing the trial court, the circuit court suppressed the evidence.
Appellant, the State of Florida, appeals the circuit court’s suppression of the evidence, claiming that the suppression constitutes a departure from the essential requirements of law. We agree and grant certiorari pursuant to Florida Rules of Appellate Procedure, 9.030(b)(2)(B), quash the order under review, and remand the case for further proceedings.
In the early hours of the morning, appel-lee was sitting in a vehicle in the parking lot of a shopping mall. In the same parking lot, two police officers also sat in their vehicle. The officers attention was drawn to appellee's car when they heard honking in the otherwise quiet parking lot. The officers’ then saw appellee drive out of the parking lot at a high rate of speed and followed him.
For two blocks, the officers observed ap-pellee driving in a public street weaving from lane to lane. The officers also noticed that appellee’s car had no tag. After being stopped, appellee was unable to pro *729 duce either a driver’s license or a registration for the vehicle, and provided the officers with a fictitious name and date of birth. Additionally, the ignition switch of the car had been “popped.”
While the officers spoke with appellee, they noted that appellee’s speech was slurred, he smelled of alcohol, and he had bloodshot eyes. Appellee was given several roadside sobriety tests, which he failed. Appellee was subsequently arrested for driving under the influence. At the station, appellee again failed the DUI tests.
In Kehoe v. State, 521 So.2d 1094 (Fla. 1988), the Florida Supreme Court approved the test set out in United States v. Smith, 799 F.2d 704 (11th Cir.1986), to determine whether a traffic stop constituted an invalid pretextual stop:
[The] appropriate analysis is whether a reasonable officer would have stopped the car absent an additional invalid purpose.
Kehoe, 521 So.2d at 1096. Appellee contends that there was an invalid purpose underlying the initial traffic stop.
In the present case, the only evidence before the trial court, the circuit court, and this court, is one police officer’s deposition in which he testified that he stopped appel-lee because of appellee’s driving, weaving from lane to lane, and the tag violation. The trial court found the reasons sufficient to justify a valid traffic stop.
We agree with the trial court and Judge Henry Ferro’s dissent to the circuit court’s majority opinion, and find the officer’s testimony sufficient to constitute valid reasons for a reasonable officer to have stopped appellee absent an additional invalid purpose. Accordingly, we grant certio-rari, quash the order under review, and remand the case for further proceedings consistent with this opinion.