637 So.2d 946 (1994)
The STATE of Florida, Appellant,
v.
Harold Keith JOY, Appellee.
No. 93-2149.
District Court of Appeal of Florida, Third District.
May 31, 1994.
*947 Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., for appellant.
Jeffrey S. Weiner and Molly Ebelhare, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
The State of Florida appeals from an order of suppression. For the following reasons, we reverse.
On February 27, 1992, Jorge Diaz, a police officer with the City of Hialeah Police Department, was within his jurisdiction stopped at a red light on a street which borders the city of Hialeah Gardens.[1] Diaz observed a truck which appeared to be travelling at a high rate of speed cross the intersection in front of him. Diaz testified that he heard the truck's engine "revving"; he heard a "whoosh" sound and saw flying dust; and he had to accelerate to an unusually high rate of speed to catch up with the truck. Diaz turned right at the light to follow the truck. Immediately upon turning right, Diaz left his jurisdiction and entered the City of Hialeah Gardens.
Officer Diaz testified that he followed the truck and pace-clocked it with his speedometer. After determining that the truck was, in fact, speeding, Officer Diaz pulled it over. The driver, Harold Keith Joy, initially refused to get out of the truck despite Officer Diaz' shouted requests. When Joy finally exited his vehicle, Officer Diaz observed that Joy's face was flushed, his eyes were bloodshot and glassy, he walked with a stagger, his speech was slurred, and he had a very strong odor of alcohol on his breath. Officer Diaz and Joy exchanged words whereupon Joy allegedly struck Officer Diaz. Joy was placed under arrest and charged with battery on a law enforcement officer, driving under the influence, and resisting an officer with violence to his person.
Joy filed two motions to suppress. The first motion alleged that the stop was illegal because it was effected outside of Officer Diaz' jurisdiction and was not justified by any statutory or common law exception. The second motion sought to suppress all evidence that Joy was speeding based on the fact that the speedometer in the officer's patrol vehicle was not certified as required by section 316.1905, Florida Statutes (1991) and Rule 15B-2.011 of the Department of Highway Safety and Motor Vehicles.
After a hearing, the trial court found that Officer Diaz' lay opinion as to the speed of the vehicle was inadmissible to show excessive speed but was admissible to show that the stop was founded on a reasonable suspicion. Furthermore, the trial court found that Officer Diaz' extraterritorial arrest of Joy for driving under the influence could not be validated under a fresh pursuit theory nor could the arrest be validated as a citizen's arrest. The trial court suppressed all evidence relating to Joy's intoxication. Finally, the court found that Joy's use of force against Officer Diaz was an independent act of misconduct which should not be suppressed. The state appeals from the suppression order.
The trial court erred in entering the suppression order because Officer Diaz was engaged in fresh pursuit of a suspected speeder. The fact that the patrol car's speedometer *948 was not calibrated is of no moment because an officer may stop a vehicle suspected of speeding based on the officer's visual and aural perceptions. See State v. Eady, 538 So.2d 96 (Fla. 3d DCA 1989) (officer's testimony that he saw a vehicle proceeding at "a high rate of speed," and "heard a tire screeching and like a passing gear kicking in" constituted a reasonable suspicion of a speeding violation so as to justify stop of vehicle).
The officer's reasonable suspicion that the truck was speeding justifies the extraterritorial stop under a fresh pursuit theory. Pursuant to section 901.25, Florida Statutes (1991), an officer with arrest power may arrest a person outside his jurisdiction when in fresh pursuit. Fresh pursuit includes "pursuit of a person who has violated a county or municipal ordinance or chapter 316 or has committed a misdemeanor." § 901.25(1), Fla. Stat. Travelling at an unlawful speed is a violation of section 316.183, Florida Statutes (1991). Thus, when Officer Diaz, while still in his jurisdiction of Hialeah, formulated a reasonable suspicion that Joy was speeding, the officer was in fresh pursuit of Joy and lawfully stopped him in Hialeah Gardens. See State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983); Cheatem v. State, 416 So.2d 35 (Fla. 4th DCA 1982).[2] Once a driver is validly stopped, probable cause to arrest may be lawfully based on the officer's observations during the standard procedures following a traffic stop. See State v. Carter, 563 So.2d 728 (Fla. 3d DCA 1990). Based on Officer Diaz' testimony of Joy's condition when he was stopped, the officer had probable cause to arrest Joy for driving under the influence. Accordingly, we reverse the suppression order under review and remand this cause for further consistent proceedings.
Reversed and remanded.
NOTES
[1] The cities of Hialeah and Hialeah Gardens are municipalities with contiguous borders.
[2] Joy's reliance upon State v. Sobrino, 587 So.2d 1347 (Fla. 3d DCA), rev. denied, 591 So.2d 184 (Fla. 1991) is misplaced. In Sobrino, "[w]hen the officer stopped appellee, the officer had no knowledge that appellee had committed a crime." Id. In this case, when Officer Diaz stopped Joy's vehicle, the officer had a reasonable suspicion that Joy had committed the crime of travelling at an unlawful speed.