538 So.2d 96 (1989)
The STATE of Florida, Appellant,
v.
Norman EADY, Appellee.
No. 88-158.
District Court of Appeal of Florida, Third District.
February 7, 1989.
*97 Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
SCHWARTZ, Chief Judge.
The state appeals from and we reverse an order suppressing the weapon involved in a prosecution for carrying a concealed firearm on the ground that the traffic stop for speeding which led to its discovery was unjustified.
Officer Gatterello of the Miami Police Department was on routine patrol in his cruiser in the mixed commercial-residential northwest section of the city when he saw a vehicle proceeding at what he described as "a high rate of speed" and "heard a tire screeching and like a passing gear kicking in." After the car passed him and continued to speed up, Gatterello pulled it over. A computer check revealed that the operator, the appellee Eady, was driving with a suspended license and had an open bench warrant. After the officer arrested Eady on these grounds, a concededly valid search of the car[1] revealed a pistol concealed under the front seat. The trial judge granted the defendant's motion to suppress the gun on the ground, as reflected by Gatterello's candid statements at the suppression hearing, that the officer could not be "sure" the defendant was exceeding the speed limit and that he wished to stop him only for a warning that this might be the case. These facts do not support the order under review.
There is no question that neither proof beyond a reasonable doubt so as to justify a conviction nor even probable cause to believe that a traffic offense has been committed is required to support a police stop on that basis. Instead, only a simple "founded" or "reasonable" suspicion of a violation based on the officer's visual or aural perception is necessary. See Bailey v. State, 319 So.2d 22 (Fla. 1975); State v. Cobbs, 411 So.2d 212 (Fla. 3d DCA 1982). In our judgment, this rule is clearly satisfied by the undisputed facts of this case. What Gatterello both saw and heard fully and objectively supported his suspicion that Eady was going too fast under the circumstances and was thus guilty of a violation of the law. See § 316.183(1), Fla. Stat. (1987) ("No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, and having regard to the actual and potential hazards, then existing."); State v. Fernandez, 526 So.2d 192, 194 (Fla. 3d DCA 1988); cause dismissed, 531 So.2d 1352 (Fla. 1988); Gustafson v. State, 243 So.2d 615 (Fla. 4th DCA 1971), modified, 258 So.2d 1 (Fla. 1972).
REVERSED.
NOTES
[1] New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988); State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988), cause dismissed, 531 So.2d 1352 (Fla. 1988); State v. James, 526 So.2d 188 (Fla. 3d DCA 1988).