PER CURIAM.
A.L. appeals from an adjudication of delinquency for trespass. For the following reasons, we reverse.
A.L. had been told by employees of a convenience store, as well as by the police, not to return to the store. On the evening of his arrest, A.L. was at a pizza parlor adjacent to the convenience store when the store’s employee recognized A.L., called the police, and told them that A.L. and his friends were creating a disturbance. The officers arrived at the scene, parked then-cars in the convenience store parking lot, and approached A.L. The officers escorted A.L. to their parked cars, and arrested him for the offense of trespass.
We reverse, as there is absolutely no evidence in the record that A.L. was on the convenience store property before he was escorted to the parked police cars. Four elements must be satisfied in order to establish the crime of trespass as defined by section 810.09, Florida Statutes (1995): 1) wil-fully entering upon or remaining in any property; 2) other than a structure or conveyance; 3) without being authorized, licensed, or invited; 4) where notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation.
The State failed to prove the first element of wilfulness, as there was no evidence that A.L. purposely or intentionally entered upon the forbidden premises. See Rozier v. State, 402 So.2d 539, 542-43 (Fla. 5th DCA 1981) (“ ‘Willfully’ generally, and as used in this trespass statute, refers to a general intent and merely means that, as in burglary, the entry or remaining be intentionally, knowingly and purposely done.”), approved, 436 So.2d 73 (Fla.1983); see also Patterson v. State, 512 So.2d 1109, 1110 n. 1 (Fla. 1st DCA 1987) (under Florida Standard Jury Instructions (Criminal), “willfully means intentionally and purposely”); Fla.Std.Jury Instr. (Crim.) [p. 141] (Under section 810.09, Florida Statutes, “[w]illfully means intentionally and purposely”). The first officer on the scene did not testify at the hearing; the two officers who arrived after A.L. had been detained did not testify that A.L. had been on the convenience store property before he was brought over to the store’s parking lot in connection with his detention. His acquiescence to police authority in the parking lot cannot be viewed as intentional or purposeful entry upon the property. Finally, the two testifying store employees were not able to place A.L. on their property on the day of the arrest.
Accordingly, we reverse the adjudication of delinquency, as the State failed to prove beyond a reasonable doubt an essential element of the crime of trespass.
REVERSED.