768 So.2d 498 (2000)
Eddie SEAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2175.
District Court of Appeal of Florida, Second District.
August 30, 2000.
*499 James Marion Moorman, Public Defender, and Larry Bryant, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Eddie Seago appeals his convictions for possession of cocaine, obstructing or opposing an officer without violence, battery on a law enforcement officer and trespass on property other than a structure or conveyance. He contends that the evidence did not prove him guilty of the trespass, that his arrest on that charge was illegal, and that evidence obtained in a search incident to that arrest should have been suppressed. Seago also challenges his sentence as a prison releasee reoffender. We agree with his first point, but otherwise affirm.
Police officers spied Seago at a small neighborhood grocery store within a few days after they had given him a notice against entering the premises, and they undertook to arrest him for trespassing. The other charges against Seago stemmed from this encounter. The store owner, Mr. Qader, had signed a blanket authorization allowing the police to issue trespass notices to persons at his store. Sometimes the police told him which persons they had warned and provided him photos, and sometimes they did not. Mr. Qader testified that he was unaware that the police had warned Seago, and he acknowledged that Seago was a regular customer. For his part, Seago conceded that the officers had given him a trespass warning sometime prior to the incident. But when his girlfriend needed items from the store, she would call Mr. Qader to tell him that she was sending Seago down to pick them up. Seago then went to the store and purchased the items.
Section 810.09(1)(a), Florida Statutes (1997), provides:
A person who without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, [] by actual communication to the offender ... commits *500 the offense of trespass on property other than a structure or conveyance.
Thus, to convict for violating this statute, the State must prove four elements: (1) the defendant willfully entered or remained on property; (2) other than a structure or conveyance; (3) without being authorized, licensed, or invited; (4) when notice against entering or remaining had been given to the defendant. See A.L. v. State, 675 So.2d 703 (Fla. 3d DCA 1996).
In this case the State offered no evidence that on the day in question Seago's entry on the property was not "authorized, licensed, or invited" by the store owner, notwithstanding that the police had previously warned him not to come on the premises. Consequently, the trial court should have granted Seago's motion for judgment of acquittal on the trespass charge.
This does not mean that Seago's arrest for trespassing was illegal, however. Facts constituting probable cause need not meet the standard of conclusiveness and probability required to support a conviction. See Walker v. State, 707 So.2d 300, 312 (Fla.1997); State v. Riehl, 504 So.2d 798, 800 (Fla. 2d DCA 1987). Having issued the trespass notice to Seago and then observing him on the premises, the officers had probable cause to believe that he had committed the offense of trespass. See State v. M.A.D., 721 So.2d 412 (Fla. 3d DCA 1998); Melton v. State, 546 So.2d 444 (Fla. 1st DCA 1989). Therefore, the arrest and search incident to arrest were valid, and the trial court properly denied Seago's motion to suppress.
We reverse Seago's conviction for trespassing, affirm his other convictions, and reject without discussion his argument that he was not eligible for sentencing as a prison releasee reoffender.
ALTENBERND, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.