847 So.2d 545 (2003)
DEPT. OF HIGHWAY SAFETY & MOTOR VEHICLES, Petitioner,
v.
James SWEGHEIMER, Respondent.
No. 5D03-10.
District Court of Appeal of Florida, Fifth District.
May 9, 2003.
Rehearing Denied June 16, 2003.
Enoch J. Whitney, General Counsel and Heater Rose Cramer, Assistant General Counsel, Lake Worth, for Petitioner.
Stuart I. Hyman of Stuart I. Hyman, P.A., Orlando, for Respondent.
PLEUS, J.
The State of Florida, Department of Highway Safety and Motor Vehicles, seeks certiorari review of the circuit court's decision quashing the suspension of respondent James Swegheimer's driver's license for refusal to submit to a breath, blood or urine test. Our review of the decision of the circuit court sitting in its appellate capacity is limited to whether the circuit court afforded procedural due process and applied the correct law. See Dusseau v. Metropolitan Dade County, 794 So.2d 1270 (Fla.2001); Broward County v. G.B.V. Intern., Ltd., 787 So.2d 838 *546 (Fla.2001). The Department argues, and we agree, that the circuit court departed from the essential requirements of law and failed to apply the correct law.
In a formal review pursuant to section 322.2615(7), Florida Statutes, the hearing officer reviewed a probable cause affidavit prepared by a city of Maitland, Florida police officer, alleging that Swegheimer committed the offense of DUI at "W/B SR 400/ SR 414, Maitland, Fl. 32751." Swegheimer argued that the affidavit failed to establish that the offense was committed within the city limits of Maitland. In support of his argument, he presented a map of the city of Maitland, which was admitted into evidence. However, the hearing officer concluded by a preponderance of evidence that the officer had probable cause to arrest Swegheimer for DUI.
On certiorari review, the circuit court held that the officer failed to demonstrate he was within his jurisdiction when he developed probable cause. We conclude that the circuit court failed to apply the correct law. The circuit court's scope of review is limited to determining (1) whether the agency accorded procedural due process; (2) whether the agency observed the essential requirements of the law; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Department of Highway Safety and Motor Vehicles v. Currier, 824 So.2d 966 (Fla. 1st DCA 2002). The circuit court misapplied the law by concluding that the officer failed to establish jurisdiction when the affidavit clearly alleged jurisdiction. Section 322.2615(11), Florida Statutes, allows the hearing officer to conduct a formal review "upon a review of the reports of a law enforcement officer." Therefore, the circuit court misapplied the law when it concluded that the officer failed to establish jurisdiction while ignoring the probable cause affidavit, which constituted competent substantial evidence of jurisdiction. Id. at 968. Accordingly, we grant the petition for writ of certiorari and quash the circuit court's decision.
PETITION GRANTED AND DECISION QUASHED.
PETERSON and GRIFFIN, JJ., concur.