891 So.2d 596 (2004)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jefferson McCLANE, Respondent.
No. 5D04-3168.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
Rehearing Denied January 26, 2005.
*597 Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Lake Worth, for Petitioner.
Stuart I. Hyman of Stuart I. Hyman, P.A., Orlando, for Respondent.
ORFINGER, J.
Petitioner, State of Florida, Department of Highway Safety and Motor Vehicles, seeks certiorari review of an order of the circuit court quashing the suspension of Jefferson McClane's driver's license following his arrest for driving with an unlawful blood alcohol level in violation of section 316.193, Florida Statutes (2002). For the following reasons, we grant the petition and quash the circuit court's order.
In the early morning hours of March 11, 2003, Officer Gary Long of the Altamonte Springs Police Department was called to the scene of a motor vehicle crash. Upon Officer Long's arrival at the location of the crashed vehicle, he made contact with Maitland Fire & Rescue personnel who were on the scene. The rescue personnel advised Officer Long that the driver, later identified as McClane, had been extricated from his completely destroyed car, and transported to the Orlando Regional Medical Center Trauma Unit ("ORMC"). The paramedics also advised that McClane smelled of alcohol.
Officer Long observed that McClane's vehicle had come to rest in the City of Maitland, just over its border with the City of Altamonte Springs. Officer Long's investigation revealed that McClane had lost control of his vehicle, striking a curb in Altamonte Springs, causing the vehicle to spin out of control for approximately 270 feet, ultimately striking a concrete fence and tree in Maitland, before coming to rest. The car, a two-seater, had a child seat on the passenger side. Embedded in the driver's floor was a pair of shoes that the rescue personnel had cut from McClane's feet in order to extricate him from the car.
Officer Long went to ORMC, and, upon making contact with McClane, smelled a strong odor of alcohol. A test of McClane's blood showed .162 grams of alcohol per 100 milliliters. Officer Long then suspended McClane's driving privilege pursuant to section 322.2615, Florida Statutes (2003), for driving with an unlawful blood alcohol level. McClane sought and obtained a formal review of his driver's license suspension. In a written order, the hearing officer upheld the suspension, concluding in relevant part that "the crash initiated in Altamonte Springs, Florida" and "McClane did consent for a blood sample to be withdrawn."
McClane then sought certiorari review in the circuit court. In quashing the Department's suspension of McClane's driving privilege, the circuit court concluded:
There is no evidence on the record supporting the State's contention that the Altamonte Springs police officer who investigated the accident that lead [sic] to the suspension of [McClane's] driving privileges was within his jurisdictional limits. The police reports indicates [sic] no damage occurring in the City of Altamonte Springs and the report incorporates by reference a Maitland Fire Department *598 report that places the crash in the City of Maitland. See J.J. v. State, 842 So.2d 266 (Fla. 2d DCA 2003) (finding a crash did not occur if there was no resulting damage). Because the officer had no jurisdiction to investigate the accident, the hearing officer had no substantial competent evidence upon which to uphold the license suspension. Accordingly, [McClane's] writ of certiorari is granted, the hearing officer's decision is quashed and the Department is hereby directed to set aside [McClane's] license suspension.
We conclude that the circuit court applied the law incorrectly, and quash the order on review. Conahan v. Dep't of Highway Safety & Motor Vehicles, Bureau of Driver Improvement, 619 So.2d 988, 989 (Fla. 5th DCA 1993).
The circuit court overturned the Department's order suspending McClane's driving privilege based on the conclusion that no crash had occurred in Altamonte Springs. Consequently, the circuit court reasoned that Officer Long, an Altamonte Springs police officer, had no authority to investigate the crash that had occurred in Maitland, and, therefore, had no lawful reason to suspend McClane's driving privilege. We disagree. The hearing officer had competent evidence to support the conclusion that McClane's initial loss of control occurred in Altamonte Springs. We need not decide whether that initial loss of control, and subsequent 270-foot-slide, resulting in an impact with a fixed object, constitutes a crash or not. The evidence overwhelmingly demonstrates that at the very least, McClane operated his vehicle in the City of Altamonte Springs with an unlawful blood alcohol immediately prior to losing control. The evidence also supports the hearing officer's conclusion that McClane consented to the blood draw. Because driving with an unlawful blood alcohol is a crime, Officer Long had the right to investigate it. In concluding otherwise, the circuit court misapplied the law. See State v. Price, 589 So.2d 1009 (Fla. 4th DCA 1991). Officer Long did not arrest McClane outside of his jurisdiction. He simply investigated a crime that occurred in his city.
For the foregoing reasons, we quash the circuit court's order.
CERTIORARI GRANTED; ORDER QUASHED.
GRIFFIN and PALMER, JJ., concur.