908 So.2d 607 (2005)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
James P. KURDZIEL, Respondent.
No. 2D04-4987.
District Court of Appeal of Florida, Second District.
August 19, 2005.
*608 Enoch J. Whitney, General Counsel, and Carlos J. Raurell, Assistant General Counsel, Miami, for Petitioner.
No appearance for James P. Kurdziel.
NORTHCUTT, Judge.
In this certiorari proceeding the Department of Highway Safety and Motor Vehicles petitions us to review a circuit court order that set aside the Department's suspension of James Kurdziel's driver's license. We grant the petition and quash the order because the circuit court reached its decision after improperly reweighing the evidence.
Officer Kay of the New Port Richey Police Department conducted a traffic stop after observing an H2 Hummer weaving outside its lane. Kurdziel was the driver. Deputy Carmen, a member of the Pasco County Sheriff's Office DUI team, responded to the officer's request for assistance and noticed a strong odor of alcohol on Kurdziel's breath. Kurdziel performed poorly on the field sobriety exercises and was arrested. After being read the implied consent warning, Kurdziel refused to submit to a breath-alcohol test. Because he had previously refused a breath test, Kurdziel's license was suspended for eighteen months.
When Kurdziel challenged the suspension, Officer Kay and Deputy Carmen testified at the administrative hearing. Officer Kay testified that he conducted the stop after Kurdziel swerved in and out of his lane several times. He recounted that he saw Kurdziel weave outside the lane "significantly." Officer Kay explained that he conducted the stop to ascertain whether the driver was impaired or having a problem, "whether it be fumbling with a phone, a fight in the car ... or a medical condition."
The hearing officer concluded that the stop was proper and sustained the suspension of Kurdziel's driving privilege. In his written order, the hearing officer found that Kurdziel was observed "swerving in and out of his lane of travel" and that the officer conducted a traffic stop based on a concern that Kurdziel may have been "impaired, ill or have a mechanical problem." See State, Dep't of Highway Safety & Motor Vehicles v. DeShong, 603 So.2d 1349, 1352 (Fla. 2d DCA 1992) ("[A] legitimate concern for the safety of the motoring *609 public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence. . . ."). On certiorari review, the circuit court rejected the findings made by the hearing officer and found that the traffic stop was invalid. According to the circuit court, the evidence did not show that the officer "pulled Kurdziel's vehicle over because he suspected this driver was ill, tired, or under the influence. The only evidence in this case is what facts Officer Kay relies on generally when conducting a stop; there was no evidence as to why he pulled this specific vehicle over." We conclude that the circuit court departed from the essential requirements of law by substituting its view of the evidence for that of the hearing officer.
In certiorari review of the administrative order, the circuit court was limited to a determination of "(1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). "[I]n such review, the circuit court functions as an appellate court, and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency." Id. In reviewing a hearing officer's order sustaining a driver's license suspension, the circuit court "was required to determine whether the hearing officer's findings and judgment were supported by competent substantial evidence." State, Dep't of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32, 35 (Fla. 2d DCA 2001).
On "second-tier" certiorari review, this court is limited to determining "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.... [T]hese two components are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of law." Haines City Cmty. Dev., 658 So.2d at 530. When a circuit court applies an improper standard of review, "this is tantamount to departing from the essential requirements of law[.]" Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 845 (Fla.2001).
In this case, the circuit court reweighed the evidence, which was beyond the scope of its certiorari review. We grant the Department's petition and quash the order of the circuit court.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, concur.