938 So.2d 513 (2006)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
DAVID D. ROBERTS, Respondent.
Case No. 5D05-3001.
District Court of Appeal of Florida, Fifth District.
Opinion filed March 24, 2006.
Enoch J. Whitney and Carlos J. Raurell, Miami, for Petitioner.
William R. Ponall of Kirkconnell, Lindsey, Snure and Yates, P.A., Winter Park, for Respondent.
TORPY, J.
In this administrative driver's license suspension case, Petitioner seeks certiorari review of the final order of the appellate panel of the circuit court. Finding that the lower court did not depart from clearly established legal principles, we decline jurisdiction.
The parties agree that the central issue below was whether Petitioner proved that the Florida Highway Patrol trooper made a "legal" stop of Respondent's vehicle. The stop by police of an occupied automobile for a traffic violation constitutes a "seizure" of "persons" within the Fourth Amendment. Whren v. U.S., 517 U.S. 806, 809-10 (1996). Therefore, to justify a warrantless seizure, the government must "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the intrusion. Terry v. Ohio, 392 U.S. 1, 21 (1968) (emphasis added). Stated differently, to justify a warrantless stop an officer must have an articulable, reasonable suspicion that a violation of the law has occurred. Brown v. State, 719 So. 2d 1243, 1245 (Fla. 5th DCA 1998).
To meet its burden of showing that the stop was legal, Petitioner chose to rely solely on the trooper's charging affidavit, which, in material part, stated: "Observe [sic] the above name [sic] defendant violate F.S.S 316.187(1) by traveling at 71 mph in a 45 mph speed limit area. When I pulled up behind the defendant and attempted to pull him over he traveled for approximately another tenth of a mile before pulling over." The circuit court determined that these facts were insufficient to establish an objective basis upon which to conclude that the officer's suspicions were reasonable. As it did in the proceeding before the lower court, Petitioner relies upon two precedents as authority for its contention that the lower court departed from clearly established legal principles. We agree with the lower court that these precedents can be distinguished.
In State v. Eady, 538 So. 2d 96 (Fla. 3d DCA 1989), the officer testified that he saw a vehicle proceeding at "a high rate of speed" and "heard a tire screeching and like a passing gear kicking in." After the vehicle passed the officer, it continued to speed up before the officer pulled it over. In State v. Joy, 637 So. 2d 946 (Fla. 3d DCA 1994), the officer observed a truck cross the intersection in front of him at a high rate of speed. The officer heard the vehicle's engine "revving," heard a "whoosh," and saw dust fly. The officer gave chase and had to accelerate at a high rate of speed to catch the vehicle whereupon he "pace-clocked"[1] the vehicle using his speedometer to confirm it was speeding.
Here, unlike Eady and Joy, the officer's report provides little or no specifics about the officer's vantage point when he reached the conclusion that Respondent was speeding.[2] Although he states that he followed Respondent for one-tenth of a mile while attempting to "pull him over," a fact on which the dissent places great importance, the officer does not assert that Respondent was still speeding at this point or that he "pace-clocked" him during this interval. Absent such an assertion, the duration of the pursuit is not probative of speed. Therefore, based on the limited facts provided in the affidavit, we conclude that reasonable suspicion was lacking. Even if our conclusion as to the application of this nebulous principle is incorrect, however, this is not the proper case for us to exercise certiorari jurisdiction.
In reviewing the final order of the circuit court acting in its review capacity, we are limited to determining whether the circuit court afforded procedural due process and whether it departed from a clearly established legal principle. Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000). "A decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to the facts, is not an illegal or irregular act or proceeding remediable by certiorari." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 525 (Fla. 1995) (quoting Basnet v. City of Jacksonville, 18 Fla. 523, 526-27 (1882)). This court cannot review the circuit court's decision and reach a different result simply because we are not satisfied with the result reached by the circuit court. Ivey, 774 So. 2d at 682. Rather, we are required to exercise our discretion to avert the possibility that certiorari will be used as a vehicle to obtain a second appeal. Combs v. State, 436 So. 2d 93 (Fla. 1983).
The lower court identified the correct legal issue and applied the correct legal precedents. As in the instant case, situations involving reasonable suspicion are necessarily resolved on a case-by-case basis. In the absence of precedent involving closely analogous facts, it cannot be said that the lower court departed from a clearly established principle of law. See Ivey, 774 So. 2d at 682 (absent controlling precedent, court cannot conclude that lower court violated "clearly established principle of law").[3]
PETITION DENIED.
MONACO, J., concurs and concurs specially with opinion.
SAWAYA, J., dissents with opinion.
MONACO, J., concurring.
I concur. While I certainly do not disagree with the insightful and scholarly exposition articulated by the dissent concerning the breadth and limits of certiorari jurisdiction, I cannot agree with the conclusion. In my view this case does not present an appropriate opportunity for us to exercise our second-tier certiorari jurisdiction, and we should resist the temptation.
Both the majority opinion and the dissent have properly described our confined second-tier certiorari review. We are limited to determining whether the circuit court afforded procedural due process in conducting its first-tier review, and whether the circuit court departed from a clearly established legal principle. See Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000). The focus of my attention rests on the issue of whether the circuit court departed from a clearly established legal principle. I cannot say that it did. Rather, this case appears to me to be no more than a "second appeal" of the kind cautioned against by the Supreme Court in Ivey.
That there is no clearly established law governing the present circumstance is perhaps best illustrated by the fact that my two colleagues have come to diametrically opposite conclusions concerning the law applicable to the facts in this case. There simply does not appear to be any controlling case law, rule of court, statute or constitutional law that mandates a conclusion one way or the other. See Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885 (Fla. 2003). I conclude, therefore, that we should not exercise our certiorari jurisdiction in this case.
If we were compelled to review this case, however, I would still agree with the majority opinion. The police officer's report is woefully deficient in its factual recitation. Rather than supply a factual basis for the actions taken, the report gives us only conclusions. We may conjecture at length about how the officer arrived at the precise conclusion that Mr. Roberts was traveling at 71 miles per hour, but we simply do not know. While the officer says that Mr. Roberts drove for another tenth of a mile before he pulled over, we do not know whether the officer was pace clocking him, or any other of the circumstances that led the officer to make this comment. If the State is going to rely on written affidavits to support license suspensions, then the affidavits ought to have sufficient factual information to assure those acting on the writings that due process has been satisfied. Speculation should never be sufficient in place of facts.
Accordingly, I concur in the majority opinion.
SAWAYA, J., dissenting.
The majority opinion holds that a police officer who observes an individual traveling 71 mph in a 45 mph speed zone and follows that individual for a tenth of a mile before pulling him over to issue a traffic citation for speeding does not have probable cause to stop the vehicle to issue the citation. I believe that this is erroneous and I totally reject it.

Factual and Procedural Background
This holding arises out of proceedings instituted by Roberts pursuant to sections 322.2615(6), (7), and (15) and section 322.31, Florida Statutes (2003), to determine whether his driver's license was properly suspended after he refused to submit to a breath test. Section 322.2615(7)(b) provides that at such a hearing, the hearing officer is confined to determining four issues by a preponderance of the evidence, one of which is whether the arresting law enforcement officer had probable cause to believe that the person was driving under the influence of alcoholic beverages. § 322.2615(7)(b), Fla. Stat. (2003). These issues may be resolved based on documents submitted, which in the instant case included the citation for DUI, the officer's arrest affidavit, and the refusal forms. § 322.2615(11), Fla. Stat. (2003). The majority fails to recognize what this court recognized many years ago, which is that the principal features of the procedure established by section 322.2615 are that: 1) "the burden of proof is by a preponderance of the evidence"; and 2) "submission of the law enforcement officer's written report to the hearing officer is enough to sustain the burden." Dep't of Highway Safety & Motor Vehicles v. Stewart, 625 So. 2d 123, 124 (Fla. 5th DCA 1993). This procedure "places on the suspendee the burden to call all witnesses, including the arresting officer, in order to rebut the state's prima facie case." Id.
Although Roberts did not attend the hearing, call any witnesses, or introduce any evidence, his attorney did attend and his sole argument was that the officer did not have probable cause to stop the vehicle to issue the traffic citation for speeding and, therefore, did not have probable cause to arrest Roberts for driving under the influence of alcohol. Roberts did not contest any other issue.
The affidavit of the officer, which was introduced into evidence at the hearing, provides as follows:
Observe[d] the above named defendant violate F.S.S. 316.187(1) by traveling at 71 mph in a 45 mph speed limit area. When I pulled up behind the defendant and attempted to pull him over he traveled for approximately another tenth of a mile before pulling over. The defendant['s] breath smelled of an alcoholic beverage as I spoke with him. When I asked the defendant to step out of the vehicle his balance was unsteady. His eyes were blood shot and glassy. His balance was unsteady as I spoke to him outside the vehicle on the south shoulder of State Road 50. I asked the defendant if he had been drinking tonight and he stated he had. Next I asked if he would submit to some Field Sobriety Exercises to determine if [he] was under the influence he said that he would. I then read him his rights and he told me that he understood his rights and would do the exercises. The first exercise I requested him to do was the walk and turn. On steps number 4, 5, 6, 8, and 9 he stepped off to the side to regain his balance. Also after stepping off on step 9 I asked him to continue but he refused. I then place[d] him under arrest for Driving Under the Influence. At the breath center the defendant refused to take a breath test to determine if his blood alcohol level was above the legal limit.
(Emphasis added).
The hearing officer concluded that the facts alleged in the affidavit established by a preponderance of the evidence that the officer had probable cause to stop Roberts and issue him a traffic citation for speeding and to arrest Roberts for driving under the influence. Roberts requested certiorari review in the circuit court, which quashed the hearing officer's order. The circuit court's opinion provides in pertinent part:
While the Department is correct in asserting that an officer may stop a vehicle based on his visual or aural perceptions, Officer Beck did not indicate in his charging affidavit that he based his determination of speeding on his visual or aural perceptions. . . .
In the instant case, the charging affidavit states that Officer Beck observed "the above named defendant violate F.S.S. 316.187(1) by traveling 71 mph in a 45 mph speed limit area." There are no other facts in the charging affidavit describing how Officer Beck determined that Petitioner was speeding or indicating that Officer Beck was using radar, laser, a pace clock, or a visual estimate to calculate the speed of the Petitioner's vehicle. Additionally, Officer Beck did not testify at the hearing. Thus, the documentary evidence was the only evidence available to the hearing officer.
. . . Because the charging affidavit fails to contain sufficient facts describing how Officer Beck reached the conclusion that the Petitioner was speeding, it seems that the record lacks competent substantial evidence that Petitioner was lawfully stopped and arrested. As a result, it appears that the Petition for Writ of Certiorari should be granted.
The issue to be resolved is whether the circuit court violated clearly established principles of law regarding probable cause, resulting in a miscarriage of justice when it held that substantial competent evidence does not support the hearing officer's finding of probable cause because the police officer's affidavit does not specify exactly how he calculated the speed, i.e., with radar, laser, pace clock, or visual estimate. Because this issue is necessarily framed by the standard of review, I will briefly discuss the appropriate standard that must be applied by this court and the circuit court.

Standard of Review
The standard of certiorari review the circuit court must apply is limited to a determination of: "(1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). "[T]he circuit court functions as an appellate court, and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency." Id.; see also County of Volusia v. City of Deltona, 31 Fla. L Weekly D233 (Fla. 5th DCA Jan. 20, 2006); Dep't of Highway Safety & Motor Vehicles v. Kurdziel, 908 So. 2d 607, 609 (Fla. 2d DCA 2005).
The scope of this court's second-tier review is limited to determining whether the circuit court: 1) afforded procedural due process; and 2) applied the correct law. Heggs; Kurdziel. Second-tier certiorari review is simply another way of deciding whether the lower court "departed from the essential requirements of the law." Heggs, 658 So. 2d at 530; see also Kurdziel; Dep't of Highway Safety & Motor Vehicles v. Mowry, 794 So. 2d 657 (Fla. 5th DCA 2001). A ruling constitutes a departure from the essential requirements of law when it amounts to "`a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Tedder v. Florida Parole Comm'n, 842 So. 2d 1022, 1024 (Fla. 1st DCA 2003) (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)); see also Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885 (Fla. 2003); Heggs, 658 So. 2d at 528; Mowry. Clearly established principles of law "can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law. Thus, in addition to case law dealing with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review." Kaklamanos, 843 So.2d at 890. As I will next explain, competent substantial evidence supports the hearing officer's finding of probable cause in the instant case.

Probable Cause for the Stop was Established by Competent Substantial Evidence
When applied by a reviewing court, the term competent substantial evidence refers to a standard of review rather than a standard of proof.[4] In the context of appellate review, courts have consistently held that "[c]ompetent, substantial evidence is `such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred. . . .'"[5] It is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion."[6] The question is not whether substantial competent evidence exists in the record to support a conclusion contrary to the one reached by the hearing officer; the question is whether there exists in the record substantial competent evidence to support the hearing officer's conclusion, even when contrary inferences can be drawn from the evidence.[7]
It is beyond doubt that the uncontroverted facts alleged in the police officer's affidavit, that he observed Roberts traveling 71 mph in a 45 mph speed zone and that he followed him for a tenth of a mile, clearly and directly establish that Roberts was speeding and provided the police officer with probable cause to stop Roberts and issue him a citation without the necessity of drawing inferences. Certainly this is evidence that a reasonable mind would accept as adequate to support the conclusion that Roberts was speeding. But even if these facts were not sufficient by themselves, they certainly form a substantial basis of fact from which it can reasonably be inferred that Roberts was exceeding the speed limit and that the officer had probable cause to stop him for a traffic offense. Rather than apply the proper standard of review, the circuit court erroneously applied a standard of proof by requiring evidence of how the exact speed was calculated. Moreover, I believe that the error was compounded by requiring proof beyond and to the exclusion of every reasonable doubt. Not only did the circuit court erroneously fail to apply the correct standard of review, it erroneously failed to apply general principles of probable cause.
Firmly established principles of law require that: 1) probable cause must be based on facts and circumstances analyzed from the officer's knowledge, special training, and practical experience; 2) probable cause is often based on reasonable inferences drawn from the facts and circumstances of the particular case; 3) because probable cause is a matter of practicalities and not technicalities, an officer should take a realistic view of the facts when determining whether probable cause exists; and 4) probable cause does not have to be established with the same standard of conclusiveness and probability required to prove beyond a reasonable doubt the facts upon which a conviction is based. See Walker v. State, 707 So. 2d 300 (Fla. 1997); Dep't of Highway Safety & Motor Vehicles v. Whitley, 846 So. 2d 1163 (Fla. 5th DCA), review denied, 858 So. 2d 333 (Fla. 2003); Blue v. State, 837 So. 2d 541 (Fla. 4th DCA 2003); Dep't of Highway Safety & Motor Vehicles v. Silva, 806 So. 2d 551 (Fla. 2d DCA 2002); Seago v. State, 768 So. 2d 498 (Fla. 2d DCA 2000); Dep't of Highway Safety & Motor Vehicles v. Smith, 687 So. 2d 30, 33 (Fla. 1st DCA 1997); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So. 2d 305 (Fla. 1st DCA 1995); State v. Riehl, 504 So. 2d 798, 800 (Fla. 2d DCA), review denied, 513 So. 2d 1063 (Fla. 1987). When determining whether probable cause is supported by substantial competent evidence, the circuit court must consider "all the factors and circumstances known to the investigative officer in making a probable cause determination." State, Dep't of Highway Safety & Motor Vehicles v. Brass, 906 So. 2d 1224, 1225 (Fla. 1st DCA 2005).
Based on a proper application of these general principles of law, I find the circuit court's conclusions and findings contained in its opinion remarkable for a number of reasons. First, the circuit court concludes that the officer did not base his determination of speeding on his visual or aural perceptions. This overlooks the fact that the officer stated in the affidavit that he "observed" Roberts speeding. Second, the circuit court concludes that "[t]here are no other facts in the charging affidavit describing how Officer Beck determined that Petitioner was speeding or indicating that Officer Beck was using radar, laser, a pace clock, or a visual estimate to calculate the speed of the Petitioner's vehicle." This conclusion totally ignores the fact that the officer stated in his affidavit that he actually followed Roberts for a tenth of a mile before Roberts pulled his vehicle over. In fact, nowhere in the circuit court's opinion is this fact even mentioned and it is clear that the circuit court simply failed to consider it.
Equally remarkable is the conclusion that competent substantial evidence does not exist to establish probable cause for the stop because the officer did not specifically testify that he used radar, pace clock, or laser to determine the exact speed. This conclusion is clearly erroneous because it disregards the well-established principle that probable cause does not have to be established with the same standard of conclusiveness and probability required to prove beyond a reasonable doubt the facts upon which a conviction is based. Walker; see also Seago, 768 So. 2d at 500 ("Facts constituting probable cause need not meet the standard of conclusiveness and probability required to support a conviction."); Smith; Favino; State v. Joy, 637 So. 2d 946 (Fla. 3d DCA 1994); State v. Eady, 538 So. 2d 96 (Fla. 3d DCA 1989). The circuit court also disregards the general principle that probable cause is not a matter of technicalities and that an officer is required to take a realistic view of the facts as he perceives them.
Hence, the exact measuring device used to calculate the precise speed of the vehicle is a matter of fact that must be proven beyond a reasonable doubt in a traffic hearing to determine whether Roberts was, in fact, guilty of exceeding the speed limit and by how much; this is not a fact that must be proven to establish probable cause to initially stop the vehicle. Joy; Eady. Specifically, evidence relating to the device used to measure the speed of the vehicle is generally a condition precedent to admitting the exact speed into evidence. Here, the affidavit providing the exact speed was admitted into evidence without objection from Roberts and introduction of the exact speed is certainly not an issue before us. Therefore, I do not believe that evidence of the exact measuring device is necessary to establish probable cause here. Furthermore, Roberts had the right to call the officer as a witness and cross-examine him on this point, but he chose not to.
The decisions in Joy and Eady are directly on point, and I find unavailing the majority's attempt to distinguish these decisions from the instant case by asserting that the officer's affidavit in the instant case offers little or no specifics on the officer's vantage point and lacks an assertion by the officer that Roberts was still speeding when he followed him for the tenth of a mile before stopping him. These assertions are not distinguishing features, and even if they could be called that, they are nothing more than distinctions without a difference. Joy and Eady clearly hold that the officer's observationseither visual or auralof unlawful speed are sufficient to establish probable cause to stop a vehicle for speeding and that the necessity of testimony establishing exactly how fast the vehicle was traveling or how the speed was calculatedpace clock, radar, or otherwiseis a matter of proof at a traffic hearing to determine whether the speeding infraction is proven beyond a reasonable doubt.
In Eady, a police officer on routine patrol saw a vehicle proceeding at "a high rate of speed" and "heard a tire screeching and like a passing gear kicking in." Eady, 538 So. 2d at 97. The officer pulled the vehicle over and arrested the defendant, but later testified in court that "he could not be `sure' the defendant was exceeding the speed limit. . . . " Id. (emphasis added). The district court held that probable cause for the stop was established and reversed the suppression order. The court stated:
There is no question that neither proof beyond a reasonable doubt so as to justify a conviction nor even probable cause to believe that a traffic offense has been committed is required to support a police stop on that basis. Instead, only a simple "founded" or "reasonable" suspicion of a violation based on the officer's visual or aural perception is necessary. See Bailey v. State, 319 So. 2d 22 (Fla. 1975); State v. Cobbs, 411 So. 2d 212 (Fla. 3d DCA 1982).
Id. In the instant case, the officer stated in his affidavit that he observed Roberts traveling 71 mph in a 45 mph zone (a high rate of speed to be sure) and followed Roberts for a tenth of mile; unlike Eady, the officer never stated that he was not sure that Roberts was speeding. If the facts in Eady support a reasonable and founded suspicion of a traffic violation based on the officer's visual perception, then surely the facts in the instant case do. Clearly, Eady supports the hearing officer's finding of probable cause in the instant case.
In Joy, the significant fact is that the officer followed the defendant and pace-clocked his speed with the officer's speedometer. One of the issues in the suppression hearing was whether the initial stop for speeding was proper when the facts indicated that the speedometer was not certified to be properly calibrated to show the exact speed of the vehicle. The circuit court held that the officer's opinion as to the speed of the vehicle was inadmissible to show excessive speed but was admissible to show that the stop was founded on a reasonable suspicion. The district court held that the fact that the speedometer was not calibrated did not matter because the officer's visual and aural observations of the speed were sufficient to establish a reasonable suspicion to stop the vehicle for speeding without the necessity of introducing the exact speed. Unlike the facts in Joy, the officer in the instant case testified to an exact speed and the precise distance Roberts was followed.
I believe that all of the facts and circumstances considered by the hearing officer, and the reasonable inferences to be drawn therefrom, clearly establish by competent substantial evidence that the officer, based on his knowledge, training, and experience, observed the speed of Roberts' vehicle and had ample opportunity to accurately calculate the speed before and during the time that he followed Roberts for a tenth of a mile.[8] Hence, it was established by competent substantial evidence that the police officer had probable cause to stop Roberts for speeding and arrest him for driving under the influence of alcohol. In order for the circuit court to find otherwise, it necessarily ignored or failed to consider "all the factors and circumstances known to the investigative officer in making a probable cause determination," Brass, 906 So. 2d at 1225, and all obvious implications and reasonable inferences to be drawn therefrom. Clearly the circuit court failed to apply the correct law and the proper standard of review.

Certiorari Review by This Court is Appropriate to Quash the Circuit Court's Decision
In second-tier certiorari review cases, if the district court finds that the circuit court improperly applied the standard of review, a departure from the essential requirements of law has occurred that requires issuance of the writ to correct the miscarriage of justice. Kurdziel; see also Dep't of Highway Safety & Motor Vehicles v. Friend, 837 So. 2d 1071 (Fla. 1st DCA 2003); Favino. The district courts uniformly hold that the circuit court incorrectly applies the standard of review when the district court determines from the record that the hearing officer's findings, which are overturned or rejected by the circuit court, are supported by competent substantial evidence. In such instances, the district courts hold that the circuit court applied the wrong law and grant the writ to correct the error. In Favino, for example, the hearing officer's order concluded that probable cause was established for the respondent's arrest for DUI and that the respondent's license should be suspended for refusal to submit to a breath test. The circuit court disagreed and quashed the order, concluding that probable cause was not established by competent substantial evidence. The district court examined the record and found that competent substantial evidence did exist to support the hearing officer's conclusion, granted the writ, and quashed the circuit court's order. The court explained:
The hearing officer found by a preponderance of evidence that such probable cause existed, and there was competent, substantial evidence to support that finding.
The circuit court, by rejecting the hearing officer's findings when there was competent, substantial evidence in the record to support these findings, necessarily reweighed the evidence and substituted his judgment for that of the hearing officer. This the circuit court was not permitted to do. The Department's hearing officer is "the trier of fact [and is] in the best position to evaluate the evidence. . . ." Department of Highway Safety and Motor Vehicles v. Satter, 643 So. 2d 692 (Fla. 5th DCA 1994), rev. denied, 651 So. 2d 1195 (Fla. 1995). By failing to apply the correct standard of review, the circuit court failed to apply the correct law. Skaggs-Albertson's v. ABC Liquors, Inc., 363 So. 2d 1082 (Fla. 1978); City of West Palm Beach Zoning Board v. Education Development Center, Inc., 504 So. 2d 1385 (Fla. 4th DCA 1987); Ford Motor Co. v. Kikis, 401 So. 2d 1341 (Fla. 1981).
We are fully cognizant of our limited scope of review in the instant case. Our consideration of the instant case is confined to two inquiries: whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Haines City Community Development v. Heggs, supra; Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, supra. We have determined that the circuit court did indeed fail to apply the correct law by failing to apply the correct standard of review. City of Deerfield Beach v. Vaillant, supra; see also, Dept. of Highway Safety and Motor Vehicles v. Riggen, 654 So. 2d 221 (Fla. 1st DCA 1995).
Favino, 667 So. 2d at 309. In Friend, another case similar to the instant case, the court held:
The petitioner seeks review of a circuit court decision granting certiorari and setting aside an administrative order suspending the respondent's driver's license. We conclude that the findings of fact made by the hearing officer are supported by competent substantial evidence. The only issue in dispute was whether the officer had probable cause to arrest the respondent for driving under the influence of alcohol and the record contains at least some evidence that he did. The circuit court applied the wrong standard of review in rejecting this evidence. See Department of Highway Safety and Motor Vehicles v. Favino, 667 So. 2d 305 (Fla. 1st DCA 1995). Hence we must grant the present petition for writ of certiorari. The decision of the circuit court is quashed and the administrative order suspending the respondent's driver's license is reinstated.
Friend, 837 So. 2d at 1071-72; see also State, Dep't of Highway Safety & Motor Vehicles v. Prue, 701 So. 2d 637, 638-39 (Fla. 2d DCA 1997).
This court consistently applies this reasoning. For example, in Department of Highway Safety & Motor Vehicles v. Swegheimer, 847 So. 2d 545 (Fla. 5th DCA 2003), a case strikingly similar to the instant case, the respondent requested a formal hearing, contending that his license was improperly suspended. The hearing officer reviewed the probable cause affidavit that alleged that the respondent committed the offense of DUI at "W/B SR 400/ SR 414, Maitland, Fl. 32751." The respondent asserted that the affidavit failed to establish that the offense was committed within the city limits of Maitland, introduced a map into evidence to support his argument, and argued that because the officer was not within his jurisdiction to stop the respondent, probable cause was not established for the arrest. The hearing officer found that by a preponderance of the evidence, the officer had probable cause for the arrest. The circuit court held competent substantial evidence was not produced to establish probable cause and quashed the hearing officer's order. The Department sought certiorari review in this court, and we concluded from the record that competent substantial evidence was presented to support the hearing officer's conclusion that the officer had probable cause for the arrest. In granting the petition for certiorari and quashing the circuit court's order, we explained:
However, the hearing officer concluded by a preponderance of evidence that the officer had probable cause to arrest Swegheimer for DUI.
On certiorari review, the circuit court held that the officer failed to demonstrate he was within his jurisdiction when he developed probable cause. We conclude that the circuit court failed to apply the correct law. The circuit court's scope of review is limited to determining (1) whether the agency accorded procedural due process; (2) whether the agency observed the essential requirements of the law; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Department of Highway Safety and Motor Vehicles v. Currier, 824 So. 2d 966 (Fla. 1st DCA 2002). The circuit court misapplied the law by concluding that the officer failed to establish jurisdiction when the affidavit clearly alleged jurisdiction.
Swegheimer, 847 So. 2d at 546; see also Dep't of Highway Safety & Motor Vehicles v. McClane, 891 So. 2d 596 (Fla. 5th DCA 2004); Dep't of Highway Safety v. Dean, 662 So. 2d 371 (Fla. 5th DCA 1995).
I also believe that the errors contained in the circuit court's written opinion are "capable of repetition in other cases," thereby depriving the Department of the ability to suspend an individual's driver's license when probable cause for the initial stop of the vehicle has been clearly established by substantial competent evidence. Dep't of Highway Safety & Motor Vehicles v. Snelson, 817 So. 2d 1045, 1048 (Fla. 2d DCA 2002) (citing Dep't of Highway Safety & Motor Vehicles v. Anthol, 742 So. 2d 813, 813 (Fla. 2d DCA 1999) ("Because the circuit court's written decision could affect many other administrative proceedings involving the suspension of drivers' licenses, we grant certiorari relief.")).

Conclusion
Here, probable cause for the stop had to be established by a preponderance of the evidence, and I believe that the officer's affidavit clearly establishes that it is more likely than not that the officer observed Roberts speeding and thus the officer had probable cause to stop him to issue him a traffic citation. In concluding that competent substantial evidence was not produced to support that conclusion, the circuit court erroneously disregarded evidence in the record and the reasonable inferences to be drawn therefrom, improperly reweighed the evidence and substituted its findings of fact for that of the hearing officer, improperly distinguished the decisions in Joy and Eady, disregarded or misapplied clearly established principles of probable cause determinations by the courts, and applied a reasonable doubt standard of proof rather than the correct competent substantial evidence standard of review.[9]
Accordingly, the circuit court committed numerous violations of clearly established principles of law resulting in a miscarriage of justice. The petition should be granted and the circuit court's order quashed. I, therefore, respectfully dissent.
NOTES
[1] When an officer "pace-clocks" a motorist, the officer follows the motorist for a sufficient distance at the same speed and, using the speedometer on the police vehicle, judges the speed of the motorist. Absent speculation, there is no indication here that this officer employed this methodology.
[2] Perhaps the Respondent was traveling in the opposite direction in heavy traffic. If this was the vantage point from which the officer claimed to make a capable assessment of speed, he should be working for NASA rather than the highway patrol. The point is that not every "observation" about speed is necessarily one that we should assume is reasonable. Otherwise, the judicial function is rendered nugatory.
[3] In dissent, Judge Sawaya argues that jurisdiction is appropriate because this is a case where the lower court improperly reweighed the facts. We disagree. Not only were the facts not reweighed, they were never weighed to begin with. The facts here are, literally, black and white. No witnesses testified; no conflicting facts were presented. This is not a situation where deference need be given to the factfinder due to his superior vantage point. This is simply a case where the decisional law must be applied to a given set of facts  a pure question of law. Because Fourth Amendment law is derived from decisions interpreting the Amendment in similar situations, and because the most analogous decisions applicable here are factually distinguishable, certiorari is simply not appropriate.
[4] See De Groot v. Sheffield, 95 So. 2d 912 (Fla. 1957) (en banc); Vichich v. Dep't of Highway Safety & Motor Vehicles, 799 So. 2d 1069, 1073 (Fla. 2d DCA 2001) ("The circuit court in this process performs a `review'; it does not sit as a trial court to consider new evidence or make additional findings."); Marion County v. Priest, 786 So. 2d 623 (Fla. 5th DCA 2001), review denied, 807 So. 2d 655 (Fla. 2002).
[5] Duval Utility Co. v. Florida Public Serv. Comm'n, 380 So. 2d 1028, 1031 (Fla. 1980) (quoting De Groot, 95 So. 2d at 916); see also C.M. v. Dep't of Children & Families, 823 So. 2d 182, 183 (Fla. 5th DCA 2002) (same); K.E.A. v. State, 802 So. 2d 410, 412 (Fla. 3d DCA 2001) (same); State, Dep't of Highway Safety & Motor Vehicles v. Porter, 791 So. 2d 32, 35 (Fla. 2d DCA 2001) ("Given our narrow scope of review, it is beside the point to note that the applicable statute permitted the hearing officer to base his review of the license suspension on the attendant written documents. From these the hearing officer easily inferred that Deputy Cox had observed Porter speeding and crossing the fog line twice while operating his vehicle and that he had passed this information to Deputy Watson, who included it in his reports.") (emphasis added); G.C. v. Dep't of Children & Families, 791 So. 2d 17, 19 (Fla. 5th DCA 2001).
[6] De Groot, 95 So. 2d at 96.
[7] De Groot; see also Dep't of Highway Safety & Motor Vehicles v. Kurdziel, 908 So. 2d 607, 609 (Fla. 2d DCA 2005); Priest; City of West Palm Beach Zoning Bd. of Appeals v. Educ. Dev. Ctr., Inc., 504 So. 2d 1385, 1386 (Fla. 4th DCA 1987) ("The question is not whether, upon review of the evidence in the record, there exists substantial competent evidence to support a position contrary to that reached by the agency. Instead, the circuit court should review the factual determination made by the agency and determine whether there is substantial competent evidence to support the agency's conclusion.").
[8] The majority, in a footnote, speculates that "[p]erhaps [Roberts] was traveling in the opposite direction in heavy traffic" and that if this was the vantage point of the officer, "he should be working for NASA rather than the highway patrol." Once again, with all due respect to the majority, the appropriate standard to be applied does not allow for consideration of any unreasonable inferences drawn from mere speculation. Engaging in such speculation requires the majority to "necessarily ignore[ ] all `obvious implications' and reasonable inferences to be drawn from the surrounding circumstances and the arresting officer's observations." Dep't of Highway Safety & Motor Vehicles v. Silva, 806 So. 2d 551, 554 (Fla. 2d DCA 2002) (emphasis added) (citing Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So. 2d 305 (Fla. 1st DCA 1995)).
[9] I disagree with the footnote in the majority opinion that states that the circuit court did not reweigh the evidence; it did so by rejecting the hearing officer's findings of probable cause that are clearly supported by competent substantial evidence. As the court in Favino held, "[t]he circuit court, by rejecting the hearing officer's findings when there was competent, substantial evidence in the record to support these findings, necessarily reweighed the evidence and substituted his judgment for that of the hearing officer. This the circuit court was not permitted to do." 667 So. 2d at 309.