978 So.2d 254 (2008)
STATE of Florida, Appellant,
v.
Tracy Lenard ALLEN, Appellee.
No. 2D07-2984.
District Court of Appeal of Florida, Second District.
April 4, 2008.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellant.
*255 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State of Florida appeals an order granting Tracy Lenard Allen's motion to suppress. Allen was charged with possession of cocaine, tampering with evidence, possession of paraphernalia, and three counts of willfully refusing to sign and accept a summons. The trial court granted Allen's motion to suppress based on its finding that police did not have probable cause to stop Allen's car, because there was no testimony establishing the actual speed of the car. We conclude that the trial court erred in finding that there must be evidence of a vehicle's actual speed to provide probable cause to stop a vehicle. We reverse.[1]
Detective Ian Rylott testified at the hearing on the motion to suppress that he was conducting a computer check of a pedestrian who had been acting suspiciously when the pedestrian appeared to motion to Allen to drive away from the area. Detective Rylott decided to follow Allen's vehicle based on the actions of the pedestrian, and he testified that he had to "accelerate quite a bit" to catch up to Allen's vehicle because Allen appeared to be moving at a high rate of speed. Detective Rylott testified that the area has a speed limit of twenty-five miles per hour and that he had to drive well over fifty miles per hour to catch up to Allen.
In its order, the trial court made the following findings: "The Defendant's vehicle appeared to be speeding. Detective Rylott had to drive approximately 50 m.p.h. to catch up to the Defendant's vehicle. . . . While the Detective testified that he observed the Defendant speeding, he did not testify as to the Defendant's actual speed."
We have reviewed the transcript and have determined that the trial court's factual findings are supported by competent, substantial evidence. See State v. Pruitt, 967 So.2d 1021, 1023 (Fla. 2d DCA 2007) (recognizing that there is a presumption of correctness with regard to trial court's determination of facts where those factual findings are supported by competent, substantial evidence and that the trial court's application of the law to the facts is reviewed de novo); Bravo v. State, 963 So.2d 370, 372 (Fla. 2d DCA 2007) (holding that trial court's determination of facts has a presumption of correctness, but trial court's legal conclusions are subject to de novo review). However, we hold that the trial court erroneously concluded that there must be evidence of a vehicle's actual speed to provide probable cause to stop the vehicle.
Police may stop a vehicle if the officer has a well-founded, articulable suspicion that the occupant has committed a traffic offense. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Eady, 538 So.2d 96 (Fla. 3d DCA 1989). The Third District has held that police may stop a vehicle for a speeding violation based on the officer's visual or aural perceptions and that verification of actual speed by the use of radar equipment or clocking is not necessary to justify the stop. State v. Joy, 637 So.2d 946 (Fla. 3d DCA 1994); Eady, 538 So.2d at 97.
In Joy, 637 So.2d at 947, a police officer observed a truck that appeared to be traveling at a high rate of speed cross the intersection in front of the officer. The officer testified that he heard a "whoosh" sound, saw dust, and heard the truck's *256 engine revving. Id. As in the present case, the officer in Joy testified that he had to accelerate at an unusually high rate of speed to catch up with the truck. Id. After finding that the speedometer reading was inadmissible, the Third District held that the stop was nevertheless proper because there was a reasonable suspicion that the truck was speeding based on the officer's visual and aural perceptions. Id. at 947-48.
Similarly, in Eady, 538 So.2d at 97, the officer heard the vehicle's tires screeching and heard the vehicle's gear shift, and he testified that the vehicle appeared to be traveling at a high rate of speed. The court held that the officer's visual and aural perceptions supported his reasonable suspicion that the vehicle was traveling too fast under the circumstances. Id.
Other states have also concluded that an officer's observations of a vehicle may provide reasonable suspicion that the vehicle is speeding. State v. Barnhill, 166 N.C.App. 228, 601 S.E.2d 215, 218 (2004) (holding that officer's observations of the speed of the truck, coupled with the sound of the engine racing and the bouncing of the truck as it passed through the intersection, gave officer probable cause to believe that truck was exceeding a speed greater than was reasonable and prudent under the conditions); Taylor v. Wimes, 10 Neb.App. 432, 632 N.W.2d 366, 372 (2001) ("Where the actual speed of the driver's vehicle is not at issue, the officer's estimate that the driver is exceeding the speed limit need not be confirmed with electronic or mechanical speed measurement devices to confer probable cause on the officer to make a stop.").
In the present case, Detective Rylott testified, and the trial court specifically found, that Allen's vehicle appeared to be speeding. Therefore, Detective Rylott had probable cause to stop Allen's car for the traffic infraction.[2]
Accordingly, we reverse the order granting Allen's motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).
[2] We note that, as compared to the standard of probable cause required to stop a vehicle, proof beyond a reasonable doubt is required to support a conviction for speeding. § 318.14(6), Fla. Stat. (2006).