IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GALVIN ANTONIO GALLARDO,

        Appellant,

 v.                                     Case No.  5D16-1399

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Orange County,
Renee A. Roche, Judge.

John C. Notari, of Sigman, Sigman, Notari &
Sigman, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona Beach,
for Appellee.


EVANDER, J.

After the denial of his dispositive motion to suppress, Galvin Gallardo entered a
nolo contendere plea to possession of cannabis with intent to sell or deliver, possession
of a controlled substance, and possession of drug paraphernalia.  On appeal, he contends
that the discovery of the illegal contraband was the result of an unlawful traffic stop.  We
disagree, and accordingly, affirm.

In the instant case, Deputy Tucker testified that Gallardo's traffic stop was initiated after she observed him traveling approximately sixty miles per hour in a forty-mile-per-hour speed zone. The court accepted Deputy Tucker's testimony, stating:

> Considering the totality of the circumstances, the court concludes that Deputy Tucker had reasonable suspicion to believe that the Defendant committed one or more traffic offenses, to wit, speeding and/or careless driving.

A law enforcement officer may stop a motor vehicle if he or she has a well-founded, articulable suspicion that the driver has committed a traffic offense. *State v. Allen*, 978 So. 2d 254, 255 (Fla. 2d DCA 2008). It is well established in Florida that a vehicle may be stopped for a speeding violation based on an officer's visual observations. Accordingly, actual speed need not be verified by the use of radar equipment or clocking. *See Young v. State*, 33 So. 3d 151, 153 (Fla. 4th DCA 2010) (holding that officer's trained observation of defendant's speeding sufficed to provide probable cause for the stop); *Allen*, 978 So. 2d at 255-56 (concluding that trial court erred in finding that there must be evidence of vehicle's actual speed to provide probable cause to stop vehicle; officer may stop vehicle for speeding violation based on officer's visual perceptions; verification of actual speed by use of radar equipment or clocking not necessary to justify stop); *State v. Joy*, 637 So. 2d 946, 947 (Fla. 3d DCA 1994) ("The fact that the patrol car's speedometer was not calibrated is of no moment because an officer may stop a vehicle suspected of speeding based on the officer's visual and aural perceptions."); *State v. Eady*, 538 So. 2d 96, 97 (Fla. 3d DCA 1989) (holding that where officer observed defendant driving at "a high rate of speed" and "heard a tire screeching and like a passing gear kicking in," officer had reasonable suspicion of speeding violation).

Gallardo argued below that our decision in *Department of Highway Safety and Motor Vehicles v. Roberts*, 938 So. 2d 513 (Fla. 5th DCA 2006), stands for the proposition that an officer's visual observation of speeding is insufficient, by itself, to justify a traffic stop. That argument is unfounded. In *Roberts*, we reviewed a petition for second-tier certiorari where the circuit court had determined the evidence before the hearing officer was insufficient to establish the officer had reasonable suspicion to stop the driver for speeding. 938 So. 2d at 514. The *only* evidence that was presented to establish speeding in the *Roberts* case was the officer's affidavit, in which he stated that he had observed the driver "traveling at 71 mph in a 45 mph speed limit area." *Id.* The officer's affidavit provided little or no specifics about the officer's vantage point when he reached the conclusion that Roberts was speeding. *Id.* *Roberts* does not stand for the proposition that an officer's visual observation of speeding, uncorroborated by speed detection equipment, is insufficient to justify a traffic stop. Rather, the *Roberts* opinion focused on the dearth of evidence regarding the circumstances surrounding the stop. In the present case, by contrast, Deputy Tucker testified in substantial detail as to her vantage point and her opportunity to observe Gallardo driving at an excessive speed.

AFFIRMED.


BERGER and EDWARDS, JJ., concur.