458 So.2d 792 (1984)
Robert T. SPICER, Petitioner,
v.
METROPOLITAN DADE COUNTY, POLITICAL SUBDIVISION OF the STATE OF FLORIDA, Respondent.
No. 84-343.
District Court of Appeal of Florida, Third District.
October 16, 1984.
Rehearing Denied December 3, 1984.
*793 Zedeck & Kurlander, P.A. and Adam Kurlander, North Miami Beach, for petitioner.
Robert A. Ginsburg, Co. Atty., and Stephen J. Keating, Asst. Co. Atty., for respondent.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Petitioner seeks certiorari review of an affirmance by the appellate division of the circuit court of a final notice of termination. The court's holding, essentially, was that a person in the Federal Witness Protection Program is unavailable as a matter of law, so that his statements are admissible under the statutory hearsay exception for former testimony and may be the sole basis for a final agency determination. Jurisdiction is invoked pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B).
Petitioner, Sergeant Robert Spicer, was employed as a police officer by Metro Dade Public Safety Department from 1966 through 1979. In May of 1979, he was among thirty-five individuals named in a federal indictment charging a RICO conspiracy. He was, at the time, suspended without pay from his duties as a police officer. After a trial in the district court in February of 1981, Spicer was acquitted. His request for reinstatement as an officer resulted in an eight-month internal review investigation. On September 1, 1981, Spicer was formally dismissed based on an alleged violation of Rule 2.200.55 of the Public Safety Department Manual, to wit: association with criminal element.
An administrative hearing was held on March 11, 1982, pursuant to Section 2-47 of the Code of Metropolitan Dade County. The county's evidence against petitioner was primarily documentary, consisting of the testimony given by petitioner at his criminal trial and the testimony given by a *794 witness against petitioner at the criminal trial. Based on this evidence, the hearing examiner made findings of fact and recommended affirmance of Spicer's termination. The Dade County Manager approved the recommendation and, from the final order of termination, Spicer appealed to the circuit court acting in its appellate capacity. The circuit court affirmed the termination in a per curiam opinion and denied rehearing. Spicer seeks certiorari review of the circuit court's decision.
Petitioner contends that reversal is required because the record contains no competent or substantial evidence to support his dismissal. Specifically, he maintains that (1) the admission at the administrative hearing of testimony given by a witness against him in his federal criminal trial was error, since that testimony was hearsay which did not meet the requirements of the hearsay exception for former testimony in Section 90.804(2)(a), Florida Statutes (1983), and (2) the admission of petitioner's own criminal trial testimony was error because that testimony also constituted hearsay. We dispose of the second point as being totally without merit.
Petitioner's first point is meritorious and requires reversal of his termination. The testimony of a witness against him in the federal criminal trial did constitute hearsay under Section 90.801(1)(c), Florida Statutes (1983), since it was "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The dispositive question is whether such testimony was admissible in the administrative hearing.
Generally, hearsay evidence is admissible in administrative hearings. § 120.58(1)(a), Fla. Stat. (1983); Jones v. City of Hialeah, 294 So.2d 686 (Fla. 3d DCA 1974); see also De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957). But hearsay evidence alone is not sufficient to support a finding unless it would be admissible over objection in civil actions. § 120.58(1)(a), Fla. Stat. (1983); Byer v. Florida Real Estate Commission, 380 So.2d 511 (Fla. 3d DCA 1980); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Further, as this court has previously noted:
[W]hile in our state technical rules of evidence clearly do not apply in the same sense before administrative tribunals as they do in courts, we do not think the hearsay rule ought to be totally discarded, particularly in cases where individuals are threatened with serious deprivations, such as the loss of a job. Jones, 294 So.2d at 688.
If, on the other hand, hearsay evidence is corroborated by otherwise competent, substantial evidence, it may support an agency determination. See Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). But cf. Calhoun v. Bailar, 626 F.2d 145, 148-49 (9th Cir.1980), cert. denied, 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981) (rejecting any per se rule that hearsay can never constitute substantial evidence; instead it is its probative value, reliability, and the fairness of its use that are determinative).
In this case, the critical hearsay evidence was not corroborated by any other substantial evidence. The county candidly conceded this at oral argument. The sole remaining inquiry is whether the evidence would be admissible over objection in a civil trial, or, stated otherwise, whether the evidence satisfies the requirements of the hearsay exception for former testimony in Section 90.804(2)(a), Florida Statutes (1983). We hold that it does not because the county failed to prove, as required, that the declarant was in fact unavailable.
Section 90.804, Florida Statutes (1983) provides a list of exceptions which permit use of hearsay testimony where the declarant is unavailable. Subsection (1) of that statute defines unavailability. The pertinent provision, Section 90.804(1)(e), permits a finding of unavailability where the declarant "[i]s absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means." The county did proffer to the examiner that its witness was unavailable *795 because he was in the Federal Witness Protection Program at an indisclosable location in the United States. It did not, however, discharge its burden of establishing that it had taken any reasonable steps to procure the witness's attendance. Compare McClain v. State, 411 So.2d 316 (Fla. 3d DCA 1982) (no steps taken to procure attendance) with Outlaw v. State, 269 So.2d 403 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 80 (Fla. 1973) (a diligent, though unsuccessful, effort to procure attendance was sufficient to show unavailability). Although the cited cases are criminal cases, no authority has found that the standard for unavailability in civil actions is any less stringent, or that it should be.
The termination of petitioner from his employment was based solely on uncorroborated hearsay evidence, thus constituting a departure from the essential requirements of the law. See Combs v. State, 436 So.2d 93 (Fla. 1983). If the county, on remand, satisfies its burden to prove unavailability of the witness, then the former testimony, if otherwise competent and substantial, could be the sole basis for approving the dismissal.
The petition for certiorari is therefore GRANTED, the decision of the circuit court is QUASHED, and the cause is REMANDED for a new hearing.