EMAS, J.
In this second-tier certiorari review, the State of Florida, Department of Highway Safety and Motor Vehicles (“the Department”) petitions this court for a writ of certiorari. The Department asserts that the circuit court, in its appellate capacity, departed from the essential requirements of law in granting Andrew Saxlehner’s petition for writ of certiorari and reversing the Department’s order sustaining the suspension of Saxlehner’s driver’s license. For the reasons which follow, we grant the petition and quash the opinion of the circuit court.

FACTS AND BACKGROUND

On October 9, 2009, Saxlehner was driving his vehicle when he was stopped by Officer Wheeler of the Coral Gables Police Department. Officer Wheeler stopped the vehicle because it matched an earlier “be on the lookout” (“BOLO”) dispatch from the Coral Gables Police Department. Officers Rodriguez and Perez soon arrived on the scene, observed Saxlehner’s condition and administered field sobriety exercises, which Saxlehner performed poorly. Officer Rodriguez placed Saxlehner under arrest for driving under the influence, and transported him to the station. Saxlehner submitted to a breathalyzer test, which revealed his alcohol level was twice the legal limit. As a result, his driving privileges were suspended for six months.
Saxlehner requested a formal administrative review of his suspension, which was held on December 17, 2009. Present at the formal review hearing were Officers Rodriguez and Perez, as well as counsel for Saxlehner. The hearing officer was presented with several documents, including the probable cause affidavit of Officer Rodriguez, the Alcohol Influence Report, an Implied Consent form, a Miranda[1] rights waiver form, a breath alcohol test affidavit and an inspection report for the instrument used to measure Saxlehner’s breath-alcohol level.[2]
Officer Rodriguez and Officer Perez testified at the hearing and were questioned by Saxlehner’s counsel.[3] The evidence at the hearing established the following: On October 9, 2009, a BOLO was issued to Coral Gables police officers[4] for a white *1004 male driver in a maroon Mercedes Benz with front-end damage and smoke emanating from the vehicle. The BOLO included the license plate number and indicated this vehicle was suspected to have been involved in a hit-and-run accident and had last been seen near the Biltmore Hotel. Officer Wheeler of the Coral Gables Police Department observed a vehicle matching the BOLO (including a match of the license plate) driven by a white male turn into the Biltmore Hotel parking lot, and conducted a traffic stop of the vehicle. The vehicle was being driven by Saxleh-ner.[5] A second officer (Officer Rodriguez) also heard the BOLO and soon arrived at the scene. At that point, Saxlehner was no longer in the vehicle, but was standing outside the car. Officer Rodriguez observed that Saxlehner had a bloody nose, bloodshot and watery eyes, and a strong odor of an alcoholic beverage on his breath. Saxlehner’s vehicle had fresh front end damage and was leaking fluids from the radiator. A third officer (Officer Perez), arrived at the scene and administered field sobriety exercises to Saxlehner; when Saxlehner failed to perform those exercises to standard, Officer Rodriguez arrested Saxlehner for driving under the influence, and a subsequent breath test revealed that Saxlehner had an unlawful blood-alcohol level.
At the conclusion of the evidentiary hearing, counsel for Saxlehner moved to invalidate the suspension based on Officer Wheeler’s failure to appear, arguing he was the only officer who observed Saxleh-ner behind the wheel, and thus was an essential witness to establishing the validity of the initial stop. The hearing officer disagreed that Officer Wheeler was an essential witness, but gave Saxlehner an opportunity to seek enforcement of the subpoena through the circuit court. Thereafter, the hearing officer sustained the suspension of Saxlehner’s driver’s license.
Saxlehner did not seek enforcement of the subpoena, but instead filed a petition for writ of certiorari in the circuit court, raising several grounds. The circuit court granted the petition on the ground that “the only evidence presented at the hearing to establish that Saxlehner was driving or in actual physical control of the vehicle came from Officers Rodriguez and Perez, which amounted to hearsay evidence.” The circuit court found that this hearsay evidence was not corroborated by competent substantial evidence and therefore the license suspension could not be sustained. For this proposition, the circuit court cited Spicer v. Metropolitan Dade County, 458 So.2d 792, 794 (Fla. 3d DCA 1984), which held that hearsay evidence is generally admissible in administrative hearings, but “hearsay evidence alone is not sufficient to support a finding unless it would be admissible over objection in civil actions.”[6]
*1005 The Department filed this petition for writ of certiorari asserting that the circuit court failed to apply the correct law relating to administrative reviews of a driver’s license suspension, and failed to acknowledge and apply statutory and case law expressly allowing admission of evidence under the Fellow Officer Rule. Saxlehner counters that the Department has not established a basis for relief under the limited scope of second-tier certiorari review.

SCOPE AND STANDARD OF REVIEW

Because this case involves second-tier certiorari, our scope and standard of review is quite limited: “As a case travels up the judicial ladder, review should consistently become narrower, not broader.” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). A district court of appeal may not utilize second-tier review to correct simple legal error. To permit such a broad scope of review would, in essence, permit a second appeal, nullifying the narrowing scope of review described in Haines. As the Supreme Court observed recently:
[W]hen a district court considers a petition for second-tier certiorari review, the “inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,” or, as otherwise stated, departed from the essential requirements of law.
Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (quoting Haines, 658 So.2d at 530).

ANALYSIS

The circuit court’s decision constituted a clear departure from the essential requirements of law. The circuit court failed to apply the correct statutory and administrative provisions governing formal review hearings for suspension of one’s driving privileges. The specific and relevant provisions are found at section 322.2615, Florida Statutes (2010), and Florida Administrative Code Chapter 15A-6.013.
Section 322.2615 provides in pertinent part:
(6)(a) If the person whose license was suspended requests a formal review, the department must schedule a hearing to be held within 30 days after such request is received by the department and must notify the person of the date, time, and place of the hearing.
(b) Such formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and witnesses identified in documents in subsection (2), regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension. The party requesting the presence of a witness shall be responsible for the payment of any witness fees and for notifying in writing the state attorney’s office in the appropriate circuit of the issuance of the subpoena. If the person who requests a formal review hearing fails to appear and the hearing officer finds such failure to be without just cause, the right to a formal hearing is waived and the suspension shall be sustained.
(c) A party may seek enforcement of a subpoena under paragraph (b) by filing a petition for enforcement in the circuit court of the judicial circuit in which the person failing to comply with the subpoena resides. A failure to comply with an order of the court shall result in a finding of contempt of court. However, *1006 a person is not in contempt while a subpoena is being challenged.
[[Image here]]
(11) The formal review hearing may he conducted wpon a review of the reports of a law enforcement officer or a correctional officer, including documents relating to the administration of a breath test or blood test or the refusal to take either test or the refusal to take a urine test. However, as provided in subsection (6), the driver may subpoena the officer or any person who administered or analyzed a breath or blood test.,
(12) The formal review hearing and, the informal review hearing are exempt from the provisions of chapter 120. The department may adopt rules for the conduct of reviews under this section.
(Emphasis added).
Pursuant to the statutory authorization provided in subsection (12) above, the Department of Highway Safety and Motor Vehicles adopted Florida Administrative Code, Chapter 15A-6.013, which establishes the procedures to be followed at a formal review hearing. It provides in pertinent part:
(2)The hearing officer may consider any report or photocopies of such report submitted by a law enforcement officer, correctional officer or law enforcement or correctional agency relating to the suspension of the driver, the administration or analysis of a breath or blood test, the maintenance of a breath testing instrument, or a refusal to submit to a breath, blood, or urine test, which has been filed prior to or at the review. Any such reports submitted to the hearing officer shall be in the record for consideration by the hearing officer. No extrinsic evidence of authenticity as a condition precedent to admissibility is required.
(3) To be considered as evidence, any relevant document which is not self authenticating as provided by subsection (2) may be introduced into evidence at the formal review if it has been properly authenticated by a witness or under a statute permitting its introduction by another method of authentication.
(4) Oral evidence shall be taken only on oath or affirmation.
(5) The driver shall have the right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver.
(6) Any relevant evidence shall be admitted, provided that it is timely filed as provided in this rule. Relevant evidence is defined as evidence which tends to prove or disprove a material fact.
(7) The hearing officer shall determine whether the suspension or disqualification is supported by a preponderance of the evidence.
(a) The scope of the review shall be limited to the issues delineated in Section 322.2615(7), 322.2616(8) or 322.64(7), F.S.
(b) The hearing officer shall restrict the course of the hearing and the evidence to the issues of fact and law raised in the notice of hearing or in any prehearing statement filed by the driver in response to the prehearing order issued pursuant to Rule 15A-6.011, F.A.C.
(c) The hearing officer is the sole decision maker as to the weight, relevance and credibility of any evidence presented.
(8) The testimony of any witness shall be under oath.
(9) The hearing officer may question any witness.
(Emphasis added).
The Legislature has made it clear that Florida’s Administrative Procedure *1007 Act (Chapter 120) is inapplicable to the formal review of a driver’s license suspension. Instead, the applicable procedures are outlined in section 322.2615 and in the administrative regulations adopted by the Department in Chapter 15A-6.013 of the Florida Administrative Code. Pursuant to those provisions, a formal review may be conducted without any witnesses at all, and a hearing officer’s decision may be based solely upon the documents submitted by the arresting agency. See § 322.2615(11), Fla. Stat. (2010). These documents are admissible into evidence for the hearing officer’s consideration without any further requirement of authenticity. Sée Ch. 15A-6.013(2), Fla. Admin. Code.
Neither the statute nor the administrative regulation prohibits the admission of hearsay evidence. Nor do these provisions require non-hearsay evidence to corroborate any hearsay evidence admitted at the hearing. This stands in stark contrast to the procedures which generally govern administrative hearings under Chapter 120, Florida Statutes. Section 120.57(l)(c), Florida Statutes (2010), provides:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
(Emphasis added).
The arrest affidavit was prepared by Officer Rodriguez and was admitted into evidence without objection and pursuant to section 322.2615(2) and (11), and Chapter 15A-6.013(2). That arrest affidavit included Officer Wheeler’s statements to Officer Rodriguez that he (Officer Wheeler) observed Saxlehner driving the vehicle and that he (Officer Wheeler) stopped Saxleh-ner’s vehicle. The arrest affidavit and its contents were admissible evidence in a formal review hearing conducted pursuant to section 322.2615 and Chapter 15A-6.013.
The circuit court concluded that Officer Wheeler’s statements to Officer Rodriguez constituted the only evidence that Saxleh-ner was driving or in actual physical control of the vehicle; that this hearsay evidence was not corroborated by other non-hearsay evidence; and that absent corroborating evidence, the hearing officer’s finding that Saxlehner was driving was not based on competent substantial evidence. In support of this conclusion, the circuit court cited Spicer v. Metropolitan Dade County, 458 So.2d 792 (Fla. 3d DCA 1984). In Spicer, a former police officer sought certiorari review of the circuit court’s affir-mance of a final agency action terminating Spicer from his employment with the police department. The question presented was whether the hearsay evidence presented at the administrative hearing was sufficient to support the termination. The Spicer Court observed that “generally, hearsay evidence is admissible in administrative hearings.” Id. at 794. However, the Court noted that in administrative hearings held pursuant to Chapter 120, Florida Statutes, “hearsay evidence alone is not sufficient to support a finding unless it would be admissible over objection in civil actions.” Id. (citing § 120.58(l)(a), Fla. Stat. (1983)).[7] The Court granted the petition, concluding that Spicer’s termination from his employment “was based solely on uncorroborated hearsay evidence, thus constituting a departure from the essential requirements of the law.” Spicer, 458 So.2d at 795.
In the instant case, the circuit court relied upon Spicer and the statutory language of section 120.57(l)(c) in concluding that the hearsay evidence of Officer *1008 Wheeler’s observations and statements to Officer Rodriguez were insufficient to establish that Saxlehner was driving or in actual physical control of the vehicle.[8] However, as we have discussed, the Legislature expressly provided that a formal hearing to review a license suspension under section 822.2615 is not subject to the provisions of Chapter 120. See § 322.2615(12), Fla. Stat. (2010) (providing “[t]he formal review hearing and the informal review hearing are exempt from the provisions of chapter 120. The department [of Highway Safety and Motor Vehicles] may adopt rules for the conduct of reviews under this section.”). In adopting rules for the conduct of reviews, the Department did not prohibit the admission or consideration of hearsay evidence; nor did the Department require that hearsay evidence be corroborated by non-hearsay evidence. Neither Spicer nor Chapter 120 applies to the formal review process under section 322.2615 and should not have been relied upon by the circuit court. In relying upon the hearsay provision of section 120.57(l)(c) instead of the relevant provisions of section 322.2615 and Chapter 15A-6.013, the circuit court failed to apply the correct law, thus departing from the essential requirements of law. As the Florida Supreme Court explained in Nader v. Department of Highway Safety & Motor Vehicles, 87 So.3d 712, 723 (Fla.2012):
[C]ertiorari jurisdiction cannot be used to create new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied. In such a situation the law at issue is not a clearly established principle of law. This does not mean, however, that clearly established law consists only of prior judicial precedent. In [Allstate Insur. Co. v.] Kaklamanos, 843 So.2d [885,] 890 [Fla.2003], we explicitly held that “clearly established law” can derive from a variety of legal sources, including recently controlling case law, rules of courts, statutes, and constitutional law.
In the case at bar, the circuit court applied the incorrect statute, and failed to apply the correct statute and administrative regulation, resulting in a departure from clearly established law. This error is capable of repetition in other cases, and would continue to deprive the Department of its ability to sustain a driver’s license suspension based upon evidence which is properly admitted and legally sufficient under the existing regulatory scheme. Because the circuit court’s decision “could affect many other administrative proceedings involving the suspension of drivers’ licenses,” Department of Highway Safety & Motor Vehicles v. Anthol, 742 So.2d 813, 813 (Fla. 2d DCA 1999), we conclude that the error is “sufficiently egregious or fundamental to fall within the limited scope” of our second-tier certiorari jurisdiction. See Kaklamanos, 843 So.2d at 890.[9]
Accordingly, we grant the petition for writ of certiorari, issue the writ, and quash the circuit court’s opinion, with directions to affirm the Department’s order sustaining the suspension.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

. These documents were admitted into evidence without objection.

. Despite being subpoenaed for the hearing, Officer Wheeler did not appear.

. Officer Rodriguez and Officer Perez each heard the BOLO information dispatched over the radio.

. The information regarding the initial stop of the vehicle was included in Officer Rodriguez's sworn arrest affidavit, which was entered into evidence without any objection from Saxlehner. Officer Wheeler provided this information to Officer Rodriguez when Officer Rodriguez first arrived on the scene.

. Spicer sought certiorari review of the circuit court's affirmance of an agency action terminating his employment. The administrative hearing was held pursuant to Chapter 120, Florida Statutes, which expressly provides that hearsay "shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.” See § 120.57, Fla. Stat. (2010). As we discuss, infra, however, a hearing to review a driver’s license suspension is expressly exempt from the provisions of Chapter 120. See § 322.2615(12), Fla. Stat. (2010) (providing "[t]he formal review hearing and the informal review hearing are exempt from the provisions of chapter 120. The department [of Highway Safety and Motor Vehicles] may *1005 adopt rules for the conduct of reviews under this section”).

. Section 120.58(l)(a) is the predecessor provision to current section 120.57(l)(c).

. As noted earlier, Officers Rodriguez and Perez appeared, and testified, at the hearing. Saxlehner's counsel subpoenaed Officer Wheeler for the hearing, but he did not appear. The hearing officer offered Saxlehner’s counsel a ten-day continuance to seek enforcement of the subpoena as provided in section 322.2615(6)(c), but counsel declined to do so.

. We do not reach the merits of the other issues raised by petitioner.