ON MOTION FOR REHEARING AND CLARIFICATION

EMAS, J.
Upon review of Respondent’s motion for rehearing and clarification, we deny the *1083 motion, but withdraw our previously-issued opinion and substitute the following in its place:
The State of Florida, Department of Highway Safety and Motor Vehicles (“the Department”), petitions this court for the issuance of a writ of certiorari, quashing a decision of the circuit court appellate division, which reversed the administrative suspension of Stacy Edgell-Gallowhur’s (“Edgell-Gallowhur”) driving privileges. Because we conclude that the circuit court departed from the essential requirements of law, we grant the petition and quash the order under review.

FACTS AND PROCEDURAL BACKGROUND

On February 24, 2009, at 2:50 a.m., Ed-gell-Gallowhur was stopped by the police for speeding. The police officer noticed a strong smell of alcohol emitting from Ed-gell-Gallowhur’s breath and person, bloodshot eyes, and slurred speech, so he requested Edgell-Gallowhur perform certain roadside exercises. Edgell-Gallowhur complied, and at the conclusion of the exercises, was placed under arrest for driving under the influence. At the station, Edgell-Gallowhur refused to submit to a breath or urine test, having signed an implied consent form indicating he was made aware his driver’s license would be suspended for his refusal to submit.
Thereafter, an administrative suspension of Edgell-Gallowhur’s driving privileges was imposed for twelve months. Edgell-Gallowhur requested a formal hearing, which was held April 1, 2009. No witnesses testified at the hearing,[1] but the relevant documents were presented at the hearing, including the speeding citation, which read “unlawful speeding 60/40 mph posted. Pace speed unit # (123).”[2] The hearing officer affirmed the order of suspension, concluding that the police officer had probable cause to believe Edgell-Gal-lowhur was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances, and that Ed-gell-Gallowhur refused to submit to tests after being told such refusal would result in suspension of his driver’s license for twelve months.
Edgell-Gallowhur petitioned for a writ of certiorari to the circuit court appellate division, asserting, inter alia, the administrative order departed from the essential requirements of law because the evidence was insufficient to establish the initial stop was lawful; and the findings of the hearing officer were not supported by the record.
The Department moved to stay the petition for writ of certiorari pending the outcome of two cases pending in the Florida Supreme Court on the issue of whether it was necessary for the hearing officer to determine the lawfulness of the arrest (including the initial stop) of Edgell-Gallow-hur. The motion was granted, and after the Florida Supreme Court ruled on the relevant case, Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011), the Department filed a motion in the circuit court, acknowledging the supreme court in Hernandez determined “the issue of whether refusal *1084 [to submit to a breath test] was incident to a lawful arrest is within the allowable scope of review” of the hearing officer. Id. at 1080. The circuit court remanded the case back to the Department for the hearing officer to make a determination of the legality of the arrest (and therefore the initial stop) and stayed the certiorari proceedings pending that hearing.
On remand, the hearing officer held a second formal hearing and considered the same documents and evidence relied upon at the first formal hearing:
— The notice of suspension;
— Traffic citation number 5160-FWM (the speeding citation);
— Edgell-Gallowhur’s driver’s license;
— Arrest Affidavit of the arresting officer;
— Breath Alcohol Test Affidavit;
— Refusal Affidavit;
— Alcohol Influence Report;
— Implied Consent Form;
— Miranda Warnings; and
— Transcript of Edgell-Gallowhur’s driving record.
At the second formal review, Edgell-Gallowhur again argued there was insufficient evidence to establish the lawfulness of the initial stop because the sworn arrest affidavit merely states Edgell-Gallowhur was “pulled over for speeding” and said nothing more about the manner in which the officer determined Edgell-Gallowhur was speeding. Further, Edgell-Gallowhur contended, the sworn arrest affidavit contained no reference to the speeding citation, so it was not incorporated into the allegations of the arrest affidavit. While Edgell-Gallowhur acknowledged a separate speeding citation had been issued and was before the hearing officer, he asserted that, because it was unsworn, it could not be considered competent evidence to determine the lawfulness of the initial stop.
The hearing officer issued an order finding, inter alia, that the initial stop of Ed-gell-Gallowhur (based upon the speeding citation) and his eventual arrest (for DUI) were lawful. The certiorari proceedings were then recommenced before the appellate division of the circuit court. At oral argument, Edgell-Gallowhur advanced the same arguments regarding the unsworn speeding citation and the failure to properly incorporate the speeding citation by reference into the sworn arrest affidavit. The circuit court issued a decision, reversing the administrative suspension of Ed-gell-Gallowhur’s driver’s license. The panel determined that the hearing officer’s decision to sustain Edgell-Gallowhur’s driver’s license suspension departed from the essential requirements of law because there was not sufficient competent evidence that the initial stop was lawful. The relevant portion of the circuit court’s opinion reads as follows:
In the present case, the Officer merely states that [Edgell-Gallowhur] was pulled over for speeding. The Officer makes no mention of how he determined [Edgell-Gallowhur’s] speed. The arrest affidavit refers to the DUI ticket and says nothing about the speeding ticket. Additionally, the speeding ticket on file does not say anything other than, “unlawful speeding, 60/40 mph posted. Pace speed unit # (123) Tag.” Here, the Officer merely reaches a conclusion that the Petitioner was speeding without providing any evidence in his report to support his conclusion.
This petition for writ of certiorari followed.
The Department contends that the circuit court appellate division conducted an unauthorized de novo review of the evidence, reweighed the evidence, and failed to apply the correct law, resulting in manifest injustice which is likely to be repeated *1085 in every driver’s license suspension where the officer pace clocks a vehicle to establish reasonable suspicion of speeding.
Edgell-Gallowhur asserts this court should decline to review this matter because the law is well-settled, and was followed by the circuit court appellate division.

STANDARD OF REVIEW

On a petition for second-tier cer-tiorari review, this court’s “ ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). We recognize that “[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader.” Heggs, 658 So.2d at 530.

ANALYSIS

Because our scope of review is very limited, the question presented in this case is whether the circuit court appellate division, in reversing the administrative suspension affirmed by the hearing officer, departed from the essential requirements of law. If we find, for example, that “the circuit court appliefd] an improper standard of review, ‘this is tantamount to departing from the essential requirements of law.’” Dep’t of Highway Safety & Motor Vehicles v. Kurdziel, 908 So.2d 607, 608 (Fla. 2d DCA 2005) (quoting Broward Cnty. v. G.B.V. Int’l, Ltd., 787 So.2d 838, 845 (Fla.2001)).
The circuit court, in its appellate capacity, was limited in its review to determining (1) whether the agency accorded procedural due process; (2) whether the agency observed the essential requirements of the law; and (3) whether the administrative findings and judgment were supported by competent substantial evidence. Heggs, 658 So.2d at 530. Second-tier certiorari relief is also appropriate where the circuit court has failed to apply clearly-established law. Dep’t of Highway Safety & Motor Vehicles v. Saxlehner, 96 So.3d 1002 (Fla. 3d DCA 2012).
We conclude that the circuit court, in its decision reversing the administrative suspension, failed to apply the correct law by ignoring the speeding citation and its contents. In the singular paragraph explaining its decision, the circuit court panel determined:
— “[T]he Officer merely states that [Edgell-Gallowhur] was pulled over for speeding”;
— The officer “makes no mention of how he determined [Edgell-Gallow-hur’s] speed”;
— “The arrest affidavit refers to the DUI ticket and says nothing about the speeding ticket.”
— “[T]he speeding ticket on file does not say anything other than, ‘unlawful speeding, 60/40 mph posted. Pace speed unit # (123) Tag.’ ”
— “[T]he Officer merely reaches a conclusion that the Petitioner was speeding without providing any evidence in his report to support his conclusion.”
(Emphasis added.)
The circuit court fails to explain what appear to be contradictions within the above statements; however, a review of the arguments made below provides the answer. Edgell-Gallowhur contended, at the two formal hearings, as well as in his petition and oral argument before the circuit court, that the unsworn speeding citation was inadmissible evidence and could not properly be relied upon by the hearing officer because it was not under oath. The *1086 hearing officer did not accept this argument. However, it is evident that the circuit court did, given the court’s acknowledgment of the speeding citation, which specifically indicated “unlawful speeding, 60/40 mph posted. Pace speed unit # (123),”[3] and the court’s subsequent conclusion that “the Officer merely states that [Edgell-Gallowhur] was pulled over for speeding”; the officer “makes no mention of how he determined [Edgell-Gallow-hur’s] speed”; and “[t]he arrest affidavit refers to the DUI ticket and says nothing about the speeding ticket.”[4]
Edgell-Gallowhur argued below, and the circuit court agreed, that because the arrest affidavit failed to properly reference or incorporate the speeding citation, the speeding citation and its contents could not be considered as part of the sworn documents and, because the speeding citation itself was not sworn to, it was not competent evidence and should not have been considered at the formal hearing even though it was part of the documents submitted by the law enforcement officer for consideration at the formal hearing. This contention is simply incorrect and directly contradicts the statutory and administrative provisions governing formal review hearings.
Section 322.2615(2), Florida Statutes (2009), provides that the only documents required to be in affidavit form are:
— The officer’s statement of grounds for belief that the person was driv *1087 ing under the influence of alcoholic beverages or chemical or controlled substances; and, if applicable,
— An affidavit stating that the person refused to submit to a breath, blood or urine test.
The statute does not require that any other document submitted to the hearing officer — including the alcohol test report; the DUI Test Report (setting forth the officer’s description of the driver’s performance of any field sobriety exercises); the results of any breath or blood test; a crash report or videotape of the field sobriety exercises — be in affidavit form or under oath.
Section 322.2615(2) provides:
Materials submitted to the department by a law enforcement agency or correctional agency shall be considered self-authenticating and shall be in the record for consideration by the hearing officer.
Section 322.2615(11) provides:
The formal review hearing may be conducted upon a review of the reports of a law enforcement officer ... including documents relating to the administration of a breath test or blood test or the refusal to take either test or the refusal to take a urine test.
Finally, section 322.2615(12), provides that the formal hearing is “exempt from the provisions of chapter 120. The department may adopt rules for the conduct of reviews under this section.” The Department has adopted rules for the formal hearing process. Chapter 15A-6.013(2) of the Florida Administrative Code specifically provides:
The hearing officer may consider any report or photocopies of such report submitted by a law enforcement or correctional agency relating to the suspension of the driver, the administration or analysis of a breath or blood test, the maintenance of a breath testing instrument, or a refusal to submit to a breath, blood, or urine test, which has been filed prior to or at the review. Any such reports submitted to the hearing officer shall be in the record for consideration by the hearing officer.
No extrinsic evidence of authenticity as a condition precedent to admissibility is required.
The circuit court, in determining that the speeding citation was improperly considered or relied upon by the hearing officer to establish reasonable suspicion for the initial stop, constitutes a failure to apply the clearly-established provisions of section 322.2615 of the Florida Statutes and Chapter 15A-6.013(2) of the Florida Administrative Code. This failure is a departure from the essential requirements of law.[5] See Nader v. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 713 *1088 (Fla.2012) (holding that dlearly established law can come from a variety of legal sources, including statutes and rules of courts).
Having determined that the circuit court departed from the essential requirements of law, certiorari relief will not be warranted unless we further determine “the legal error is also ‘sufficiently egregious or fundamental to fall within the limited scope’ of our certiorari jurisdiction.” Nader, 87 So.3d at 723 (quoting Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)). An important factor in this determination is the effect the error has had or may have on other cases. See Fla. Dep’t of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141 (Fla. 2d DCA 2002). In announcing its decision, the circuit court issued a written opinion which has been published and is widely available both online and in hard copy. Edgell-Gallowhur v. Fla. Dep’t of Highway Safety & Motor Vehicles, 19 Fla. L. Weekly Supp. 792a (Fla. 11th Cir. Ct. June 28, 2012). The circuit court’s error established an incorrect legal principle that is binding precedent on all county court judges within the Eleventh Judicial Circuit of Florida, see Fieselman v. State, 566 So.2d 768 (Fla.1990), and is capable of repetition in future formal hearings, thereby continuing to deprive the Department of its ability to sustain a driver’s license suspension based upon evidence which is properly admitted under the existing statutes and administrative regulations. See Alliston, 813 So.2d at 145-46. We therefore conclude that this departure from the essential requirements of law is sufficiently egregious or fundamental to warrant cer-tiorari relief.

CONCLUSION

We therefore grant the petition, issue the writ, and quash the decision of the circuit court. We remand to the circuit court, appellate division, for proceedings consistent with this opinion.

. Edgell-Gallowhur had the right to request the presence of a witness at the formal hearing and to seek enforcement of a subpoena issued for that witness. § 322.615(6)(b)-(c), Fla. Stat. (2009).

. The term “pace clock” is a commonly-understood term: "When an officer ‘pace clocks' a motorist, the officer follows the motorist for a sufficient distance at the same speed and, using the speedometer on the police vehicle, judges the speed of the motorist.” Dep’t of Highway Safety & Motor Vehicles v. Roberts, 938 So.2d 513, 515 n. 1 (Fla. 5th DCA 2006).

. Although the circuit court opinion mentions Department of Highway Safety & Motor Vehicles v. Roberts, 938 So.2d 513 (Fla. 5th DCA 2006), we conclude that the circuit court did not rely upon Roberts, a decision which in fact supported the hearing officer’s determination in the instant case. We of course do not (and cannot) determine whether there was substantial competent evidence presented at the formal hearing, as such determination would be outside our limited scope of review. See Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). However, we point out that in Roberts, the Fifth District reviewed a petition for second-tier certiorari where the circuit court had determined the evidence before the hearing officer was insufficient to establish the officer had reasonable suspicion to stop the driver for speeding. In Roberts, however, the only evidence to establish speeding was the officer’s affidavit, which stated that he observed the driver "traveling at 71 mph in a 45 mph speed limit area. When I pulled up behind the defendant and attempted to pull him over he traveled for approximately another tenth of a mile before pulling over.” Roberts, 938 So.2d at 514. In denying the petition, Roberts pointed out that "the officer’s report provides little or no specifics about the officer's vantage point when he reached the conclusion that [Roberts] was speeding. Although he states that he followed [Robert] for one-tenth of a mile while attempting to 'pull him over,’ ... the officer does not assert that ... he pace-clocked [Roberts] during this interval.” Id. at 515. (emphasis added). The Roberts court concluded: "Absent speculation, there is no indication here that this officer employed this methodology.” Id.
Here, by contrast, the very information Roberts found wanting (a document or report indicating that the officer pace-clocked the driver traveling in excess of the speed limit) was included in the speeding citation, in which the officer described that he used the speedometer in his vehicle (unit number 123) and pace-clocked Edgell-Gallowhur traveling at 60 m.p.h. in a 40 m.p.h. zone. We note the contrasting facts between Roberts and the instant case because it confirms our determination that the circuit court based its decision not upon an application of Roberts, but upon its erroneous determination that the speeding citation should not have been considered by the hearing officer as competent evidence.

. In his arrest affidavit, the officer stated that "Def. was pulled over for speeding at above location (cit.315-XEJ).” In an apparent scrivener’s error, the officer referred to the DUI citation (citation number 315-XEJ) instead of the speeding citation (citation number 5160-FWM). As can be seen from our analysis, however, this scrivener’s error was immaterial to the propriety of the hearing officer’s determinations.

. If the circuit court did believe the speeding citation and its contents were admissible and could be considered as competent evidence in determining the validity of the initial stop, then the court ignored or reweighed this evidence, and, in doing so, also departed from the essential requirements of the law. See e.g., Dusseau v. Metro. Dade Cnty. Bd. of Cnty. Comm'rs, 794 So.2d 1270 (Fla.2001) (stating, on second-tier review, district court properly reviews circuit court’s decision to determine if it reweighed or ignored evidence which supported agency decision); Dep’t of Highway Safety & Motor Vehicles v. Stenmark, 941 So.2d 1247 (Fla. 2d DCA 2006) (holding that where the standard of a review is competent substantial evidence, a reviewing court which ignores competent evidence in support of the decision below engages in reweighing, which is a misapplication of the standard of review and a departure from the essential requirements of law); Dep’t of Highway Safety & Motor Vehicles v. Swegheimer, 847 So.2d 545 (Fla. 5th DCA 2003) (holding circuit court misapplied the law, warranting second-tier certiorari relief, when it ignored certain competent evidence which supported decision of hearing officer).