IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR
VEHICLES,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2341

     Petitioner,

v.

MARY HARTZOG,

     Respondent.

_____/

Opinion filed October 9, 2014.

Petition for Writ of Certiorari – Original Jurisdiction.

Stephen D. Hurm, General Counsel, and Damaris E Reynolds, Assistant General Counsel, Tallahassee, for Petitioner.

Kerry Adkison, Chipley, for Respondent.

PER CURIAM.

     The Department of Highway Safety and Motor Vehicles ("Department") petitions for second-tier certiorari review of the circuit court's order granting the certiorari petition that respondent, Mary Hartzog, filed. In its order, the circuit court quashed an order denying respondent's request for the reinstatement of her driving privilege. Because we agree with the Department that the circuit court failed to apply

the correct law, we grant the Department's petition and quash the circuit court's order. In doing so, we note respondent's admission in this proceeding that she can show no cause why the Department's petition should not be granted.

Respondent's driver's license was permanently revoked in July 2005 after she committed multiple offenses of driving under the influence. She later sought reinstatement of her license. During the May 10, 2013, reinstatement hearing, she acknowledged driving a vehicle without a license on December 26, 2009. The transcript of her driving record shows that she was charged with driving with a revoked license as a result of the incident. In denying respondent's request for reinstatement, the hearing officer noted the requirement in section 322.271, Florida Statutes, that there be no driving for five years prior to a reinstatement hearing. Respondent filed a certiorari petition with the circuit court challenging the hearing officer's order. In its order granting the petition and quashing the hearing officer's order, the circuit court detailed respondent's reasons for seeking reinstatement of her license and found that the hearing officer did not make any determination with respect to respondent's qualifications, fitness, or need to drive as required by section 322.271. The circuit court denied the Department's motion for rehearing. This proceeding followed.

On first-tier certiorari review of agency action, a circuit court must determine: (1) whether procedural due process was accorded; (2) whether the essential

requirements of the law were observed; and (3) whether the administrative findings and judgment were supported by competent, substantial evidence. Broward Cnty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 843 (Fla. 2001). District courts apply a two-prong test on second-tier certiorari review: (1) whether the circuit court applied the correct law; and (2) whether the circuit court afforded procedural due process. State, Dep't of Highway Safety & Motor Vehicles v. Edenfield, 58 So. 3d 904, 906 (Fla. 1st DCA 2011).

The pertinent law in this case is section 322.271(5), Florida Statutes (2012), which provides in part:

> [A] person whose driving privilege has been permanently revoked because he or she has been convicted four or more times of violating s. 316.193 or former s. 316.1931 may, upon the expiration of 5 years after the date of the last conviction or the expiration of 5 years after the termination of any incarceration under s. 316.193 or former s. 316.1931, whichever is later, petition the department for reinstatement of his or her driving privilege.
> (a) Within 30 days after receipt of a petition, the department shall provide for a hearing, at which the petitioner must demonstrate that he or she:
> 1. Has not been arrested for a drug-related offense for at least 5 years prior to filing the petition;
> 2. ***Has not driven a motor vehicle without a license for at least 5 years prior to the hearing***;
> 3. Has been drug-free for at least 5 years prior to the hearing; and
> 4. Has completed a DUI program licensed by the department.
> (b) At the hearing, the department shall determine the petitioner's qualification, fitness, and need to drive, and may, after such determination, reinstate the petitioner's driver's license.

(Emphasis added.)

3

Based upon this statute, the hearing officer correctly denied respondent's petition on the ground that she drove a vehicle without a license within five years of the hearing date. The circuit court's focus upon subsection (5)(b) of the statute was improper given that respondent failed to demonstrate all of the requirements provided for in subsection (5)(a). Because the circuit court failed to apply the correct law, we grant the Department's certiorari petition and quash the circuit court's order. See State Dep't of Highway Safety & Motor Vehicles v. Saxlehner, 96 So. 3d 1002, 1005 (Fla. 3d DCA 2012) (holding that the circuit court's granting of the respondent's certiorari petition and reversing the order sustaining the suspension of the respondent's driver's license constituted a clear departure from the essential requirements of law where the court failed to apply the correct statutory and administrative provisions governing formal review hearings for suspension of one's driving privileges); State, Dep't of Highway Safety & Motor Vehicles v. Grapski, 696 So. 2d 950, 951-52 (Fla. 4th DCA 1997) (noting that when a requirement for reinstatement of a license, such as enrollment in a DUI course, is made mandatory by statute, reinstatement is an administrative function over which the trial court has no discretion and that it is the duty of the courts and the Department of Highway Safety and Motor Vehicles to follow the provisions of chapter 322).

For these reasons, we quash the order on review.

PETITION GRANTED; WRIT ISSUED; ORDER QUASHED.

LEWIS, C.J., BENTON and RAY, JJ., CONCUR.